## 36799. VAUGHN v. THE STATE.

CLARKE, Justice.

Helen Vaughn was convicted of murder and sentenced to life imprisonment. The victim, Ray Gene Oglesby, an Emanuel County farmer, died of acute arsenic poisoning. Appellant and her husband, Junior Vaughn, were employees of Oglesby and lived on his place. There was testimony at trial that the Vaughns owed the victim money on their house and that they were delinquent in paying it.

Approximately one week after the burial of the victim, the appellant called the Emanuel County sheriff and asked him to come out to the Vaughns' residence. When the sheriff arrived, the Vaughns were standing in the yard, and he suggested that they get into his car to talk with him because it was cold. All three got into the car, and the sheriff gave them their Miranda rights. Junior Vaughn told the sheriff that he had killed Oglesby. After he confessed, and explained how the poisoning took place, the sheriff asked appellant if Junior was telling the truth. She said yes. The sheriff took Junior into custody. Three days later, he returned to the Vaughn place and asked appellant to accompany him to Statesboro. The sheriff testified at

trial that he explained to appellant that she did not have to come with him and that her coming was strictly voluntary. He testified that Mrs. Vaughn was not in custody at the time and would have been allowed to leave at any time she wished. Prior to making any statements, she was advised of her rights. After she was advised of her rights, she said, according to the sheriff's testimony, "I might as well go ahead and take my part of Ray Gene Oglesby's death." After questioning of some thirty-five to forty minutes duration by the sheriff and a GBI agent, she made a statement confessing to her participation in the murder.

At the trial of the case, a Jackson-Denno hearing was held outside the presence of the jury concerning the voluntariness of the appellant's confession. At the end of the hearing, the district attorney offered the statement in evidence. The defendant objected on the grounds that the statement was the fruit of an illegal arrest and that the arrest tainted the statement. The defense argued that under Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975), the statement should be suppressed. The prosecutor responded that there was no evidence that the appellant was in custody prior to the time she gave the statement and argued that the statement was admissible under Fourth Amendment as well as Fifth Amendment considerations. The court overruled the defense objection and admitted the statement.

Appellant's sole enumeration of error is that under the standard set forth in Brown v. Illinois, supra, her confession should have been suppressed. Appellant insists that she was in custody at the time she made the statement and that her arrest was without a warrant having been issued and was without probable cause.

The question of when a warrantless arrest is authorized has caused some confusion in this state. Code Ann. § 27-207 provides for three exceptions to the requirement that a warrant be obtained prior to an arrest. These exceptions are: (1) the offense is committed in the officer's presence; (2) the offender is endeavoring to escape; (3) for some other cause there is likely to be a failure of justice for want of an officer to issue a warrant. The federal constitutional standard, on the other hand, is not as stringent. In Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142) (1964), the court considered the constitutionality of a search incident to an arrest and found that the validity of the search depended upon the constitutional validity of the arrest. "Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a

prudent man in believing that the petitioner had committed or was committing an offense." Id. at 91. Relying upon this language in Beck v. Ohio, supra, and upon the authority of Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963), the Court of Appeals found that an arrest which met the above standards of probable cause was valid whether or not Code Ann. § 27-207 was violated. *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647) (1966). *Peters,* supra, was later disapproved in *Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124) (1972), in which the court found that the higher standard of the Georgia statute must be adhered to in this state. However, this court in *Sanders v. State,* 235 Ga. 425 (219 SE2d 768) (1975), cert. denied, 425 U. S. 976 (1976), approved the Court of Appeals' holding in *Peters* and reiterated the applicability of the constitutional standard of Beck v. Ohio, supra.

In the case at hand, there was no testimony as to whether the sheriff had probable cause to arrest appellant. The presence or absence of probable cause is, however, not dispositive of this case because the trial court was authorized to find appellant was not in custody at the time that she accompanied the sheriff to Statesboro and gave her confession. There was ample testimony by the sheriff that appellant was free to leave at any time and that she accompanied him voluntarily. The GBI agent who took the statement from appellant in Statesboro stated at trial that he believed that she was not in custody at the time of the statement. At the time the court overruled defendant's objection and admitted the statement into evidence, there had been no testimony of any kind to contradict the sheriff's testimony that appellant was not in custody. In overruling defense counsel's objection, the trial court necessarily made a finding that there was no illegal arrest.

"An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." *Clements v. State,* 226 Ga. 66, 67 (172 SE2d 600) (1970). "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889) (1968). See also, Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917) (1968).

In *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977), this court found that a suspect who came into the Riverdale police station to pay a traffic ticket and was questioned after being given Miranda rights because he fit the description of a suspect and who was then transported to the Clayton County police department to take a lie detector test, was not under arrest because he went voluntarily. The trial court found, and this court agreed, that the defendant was not

arrested until after a search of his car with his permission and a search of his home with a warrant and with his wife's cooperation turned up incriminating evidence. This finding was made even though one of the initial detaining officers testified that he did not regard Corn as free to leave the Riverdale police station. This court found the statements of the Clayton County police that Corn was free to leave when he arrived at the Clayton County police department mooted the reservations of the first detaining officer. In the case at hand, the only evidence of any restraint upon appellant prior to giving a statement was her testimony at the end of trial and after the admission of the confession. She then testified she did not understand that she was free to leave. By that time, the trial court had already ruled that she was not under arrest at the time of her statement. The trial court subsequently denied a motion for new trial based primarily upon this point.

Since we have found appellant was not under arrest at the time she made her confession, the confession could not have been the product of an illegal arrest. This being so, there is no need for us to address the question of whether there was probable cause to arrest appellant.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs in the judgment only.*

DECIDED FEBRUARY 11, 1981.

*Kenneth D. Kondritzer,* for appellant.
*H. Reginald Thompson, District Attorney, Richard A. Malone, W. Steven Askew, Assistant District Attorneys, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.