A91A0697. MITCHELL v. THE STATE.
(407 SE2d 115)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine and appeals the denial of his motion for new trial.

Officer R. J. Moon responded to an anonymous telephone call re-

ceived by the Manchester police department about a disturbance being created by an intoxicated person at the Huddle House. Upon arriving at the restaurant, the officer observed appellant standing on the sidewalk. After appellant was identified by several patrons of the restaurant as the person who had caused the disturbance, Officer Moon went outside to talk to appellant. As the officer approached, appellant ran away from the restaurant, and the officer chased the appellant on foot. Shortly after a back-up officer arrived, appellant was apprehended. When both officers approached appellant, they noticed that he had a strong odor of alcohol and exhibited other signs of intoxication — his speech was slurred, and he was belligerent, foulmouthed, and unsteady on his feet. Appellant was arrested for Pedestrian Under the Influence, and a pat-down search of his person was conducted subsequent to the arrest. Two metal pipes filled with a substance that was later identified as cocaine were found in a bag in appellant's pants pocket. At trial, the appellant admitted that he was drunk at the time of the incident but claimed that he did not know that the bag found in his pants pocket contained cocaine.

1. Appellant first enumerates as error the denial of his motion to suppress evidence on the grounds that the cocaine found on appellant's person was seized pursuant to a warrantless arrest without probable cause. " 'Whether [the] arrest was constitutionally valid depends . . . upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [appellant] had committed or was committing an offense.' [Cit.]" *Vaughn v. State,* 247 Ga. 136, 137-138 (274 SE2d 479) (1981) citing *Beck v. Ohio,* 379 U. S. 89 (85 SC 223, 13 LE2d 142) (1964). " 'Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. (Cits.) . . . (F)light in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. (Cits.)' [Cits.]" *State v. Billoups,* 191 Ga. App. 834, 835 (383 SE2d 198) (1989).

In the present case, the police had received a telephone call that an intoxicated person was creating a disturbance at the restaurant, and appellant had been identified by several patrons as the individual creating the disturbance. These circumstances, coupled with the flight of appellant, provided probable cause for the officers' belief that appellant may have committed a crime. Moreover, once the officers had finally apprehended appellant, they personally observed appellant committing the offense of Pedestrian Under the Influence. This observation alone provided a sufficient basis for appellant's warrantless arrest. OCGA § 17-4-20 (a). " 'It is settled law that an officer at the

time of a lawful custodial arrest may, even without a warrant, make a full search of the person of the accused. (Cit.)' [Cit.]" *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989). Accordingly, the trial court did not err in denying appellant's motion to suppress.

2. Appellant next enumerates as error the refusal of the trial court to allow appellant to question Officer Moon about his possible racial bias towards the appellant. During the cross-examination of Officer Moon, appellant's counsel asked: "Have you heard anybody say that Gary Mitchell had to smile at night in order for anybody to be able to see him." After the State objected to this question on the grounds of relevancy, the court allowed appellant's counsel to ask Officer Moon whether he had ever made that statement. When Officer Moon responded in the negative, the trial court sustained the State's objection as to relevancy.

A defendant is entitled to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. " 'The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. . . . The trial court has a wide range of discretion in the control of cross-examination. (Cit.) That discretion will not be limited in the absence of obvious abuse. (Cits.)' [Cit.]" *Elrod v. State*, 195 Ga. App. 571, 572 (4) (394 SE2d 548) (1990).

Appellant's counsel argued at trial that the purpose of his question was to inquire into Officer Moon's motivation, yet when pressed by the trial court as to what motivation counsel was attempting to prove, defense counsel replied, "I don't know." Defense counsel having failed to offer any explanation as to how this evidence was relevant or material, the trial court did not abuse its discretion in excluding the evidence. See, e.g., *Williamson v. State*, 186 Ga. App. 589, 590 (2) (367 SE2d 863) (1988). Furthermore, " '[a]nything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced.' " *Teasley v. State*, 177 Ga. App. 554, 555 (2) (340 SE2d 32) (1986). It appearing that defense counsel's question injected into the trial an improper element of racial bias, the trial court was authorized to exclude the evidence as irrelevant. *Teasley v. State*, supra.

3. Appellant enumerates as error the admission into evidence of the cocaine because the State failed to establish that the testing of the substance found in appellant's pocket was done in a scientifically reliable manner. At trial, a forensic chemist with the Georgia Bureau of Investigation Crime Laboratory was called to testify on behalf of the State as to his analysis of the substance found in appellant's

pocket. Prior to his testimony about his analysis of the test results, the witness testified at great length about his qualifications as an expert witness and the nature of the various tests he performed on the substance found in appellant's pocket. He also testified that the tests he had performed in the present case were the same tests he had performed in some 5,000 other criminal cases in the State and that in each of these other criminal cases his testimony as to the test results had been allowed into evidence.

In *Harper v. State*, 249 Ga. 519 (1) (292 SE2d 389) (1982), the Supreme Court held that the admissibility of the results of a given procedure or technique depends upon "whether the procedure or technique in question has reached a scientific stage of verifiable certainty, or in the words of Professor Irving Younger, whether the procedure 'rests upon the laws of nature.' The trial court may make this determination from evidence presented to it at trial by the parties; in this regard expert testimony may be of value. Or the trial court may base its determination on exhibits, treatises or the rationale of cases in other jurisdictions. [Cits.] . . . Once a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature." (Footnote omitted.) *Harper v. State*, supra at 525-526.

In the case sub judice, the expert witness testified that the scientific tests he had used to identify the substance found in appellant's pocket were the same tests that had been recognized in some 5,000 other criminal cases in Georgia. The trial court was authorized to take judicial notice, without receiving evidence, that the procedure used by the witness to identify the substance as cocaine, had been established with verifiable certainty, or that it rested upon the laws of nature. *Harper v. State*, supra.

4. Appellant enumerates as error the failure of the trial court to grant appellant's motion for mistrial on the grounds that the trial court commented on the appellant's testimony during trial and intimated his opinion to the jury that the appellant was being less than truthful in his response to the prosecutor's questions. During the State's cross-examination of the appellant, the prosecutor asked a series of questions attempting to discredit appellant's claim that he had been unaware that the bag he had found and put in his pocket contained cocaine. Appellant's counsel objected to the prosecutor's questioning and during argument following the objection, the trial court responded: "I don't think she got much of an answer out of him is the reason she asked." After defense counsel objected to the judge's comment and indicated that he was going to move for a mistrial, the trial court explained: "What I'm saying is I don't think the question was answered."

" 'It is reversible error for a judge in any criminal case "to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-5 (7). "However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." [Cit.]' The trial court was explaining its ruling; we find no error." *Faulkner v. State*, 186 Ga. App. 879, 880 (2) (368 SE2d 820) (1988).

Moreover, by failing to renew his motion for a mistrial after the trial court's charge to the jury, counsel for appellant acquiesced in the trial court's decision to give curative instructions to the jury. " 'Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit. (Cit.)' [Cits.]" *Loaiza v. State*, 186 Ga. App. 72, 73 (2) (366 SE2d 404) (1988).

5. Appellant enumerates as error the failure of the trial court to grant his motions for directed verdict on the ground that the State did not prove criminal intent beyond a reasonable doubt. " 'The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the "essential elements of the crime beyond a reasonable doubt." (Cit.)' [Cit.]" *Williams v. State*, 196 Ga. App. 682, 683 (3) (396 SE2d 598) (1990). Our review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant acted with criminal intent and was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn*, for appellant.

*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.