A91A1906, A91A2190. GEBREMEDHIN v. THE STATE.

(415 SE2d 529)

BIRDSONG, Presiding Judge.

Kalayou Mahare Gebremedhin appeals the denial of his motions to suppress evidence, following his conditional guilty pleas to two indictments (see, however, *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824)), the first indictment being filed May 15, 1989, for possession of cocaine with intent to distribute on February 15, 1989, and the second indictment being filed May 10, 1990, for trafficking in cocaine on April 6, 1990. As to each offense, appellant contends the police did not have probable cause to arrest him, which invalidated the respective subsequent consensual search and search incident to arrest. *Held*:

*Case No. A91A1906*

Detective Przeslawski of the Augusta Police Department testified that at about 8:00 p.m. on February 15, 1989, he and Detectives Thorington and Burbo acted upon information given to Thorington by a confidential and reliable informant, that appellant and another suspect were selling cocaine at the Pedros Club. The informant described the suspects, their clothing and their car. Detective Przeslawski had on previous occasions received information from this confidential informant which had resulted in arrests. The detectives set up surveillance behind a fence across from the Pedros Club and, using binoculars, saw appellant and the other suspect (Elfred Baker) conduct transactions. Baker appeared to be the lookout; he stopped persons who then approached appellant and handed appellant what appeared to be money. Appellant went back to his vehicle and returned to the persons and handed them something, and the persons then walked off. After two of these transactions, the officers stopped appellant and Baker and searched them. Appellant had on his person $448.80. He gave consent to search his vehicle, wherein was found an amber-

colored pill bottle containing 12 pieces of crack cocaine.

Appellant argues that the officers were without sufficient probable cause to arrest appellant, because Detective Przeslawski could not state with any certainty the nature of the objects exchanged by appellant and the apparent buyers, and because the informant's reliability was not established.

Following the tip of a reliable informant (see *Pickard v. State*, 152 Ga. App. 707, 708 (263 SE2d 679)), police saw appellant as described at the described night club location doing acts which, in confirmation of the informant's information (see *McKinney v. State*, 184 Ga. App. 607 (362 SE2d 65)), appeared to the officers in their experience to be the exchange of drugs for money. "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction." *Cook v. State*, 136 Ga. App. 908, 909 (222 SE2d 656); see *Banks v. State*, 187 Ga. App. 280, 281-282 (370 SE2d 38). A combination of suspicious circumstances evincing the conduct of a criminal act may amount to " 'sufficient probable cause to uphold a warrantless arrest or search.' " Id. at 282; see generally *State v. Reid*, 247 Ga. 445 (276 SE2d 617). Particularly in view of the reliable tip that appellant was in fact selling cocaine at that specific location, the observance by police of transactions of exchange by the described persons provided probable cause in the totality of circumstances to uphold this search and seizure of money from appellant. The arrest was supported by further probable cause with the discovery of the large sum of money, and the search of the vehicle with consent was valid. See *Huffman v. State*, 149 Ga. App. 464 (254 SE2d 489), cert. den. 444 U. S. 918 (100 SC 236, 62 LE2d 174). The trial court did not err in refusing to suppress this evidence.

### Case No. A91A2190

On April 5, 1990, Deputy Tarver, in undercover, met with a confidential informant to set up a purchase of crack cocaine. The informant directed Tarver to the Alamo Hotel in Augusta, where the informant parked and talked with the person whom Tarver identified as appellant. Appellant got in the car with the deputy and informant and drove to the rear of Southgate Mall. Appellant told Tarver that "the guy he was going to purchase the cocaine from didn't want . . . anyone to know where he lived," whereupon Tarver gave appellant $600 and appellant left the vehicle. After about 40 minutes, Tarver decided appellant had absconded and posted a lookout for appellant, giving a description of a black male who was, according to Tarver's recollection at trial, wearing "plaid shirt and blue jeans." Officer Bolton and others, who were in front of Southgate Mall, immediately set

forth to locate the person described by Tarver, whom Bolton wrote in his notes as wearing "green shirt with stripes, light blue pants." On a street nearby, Bolton saw a person walking in the opposite direction from Southgate Mall, wearing clothes matching the description given, and arrested him. An incidental search found 28 grams of cocaine on the person. In court, Officer Bolton identified this person as appellant.

Appellant contends that probable cause to arrest was wanting in this instance because of the variance in the description of clothing Deputy Tarver said he gave and the description of the clothing which Bolton said was worn by the person he arrested. This is not exactly the import of the trial testimony. Tarver testified from memory nearly two years later as to the description he gave, whereas Bolton testified from contemporaneous notes, and moreover testified that when he made the arrest after leaving Southgate Mall, he "stopped the first black male that fit the description that was given out by Deputy Tarver." The evidence authorizes the conclusion that the suspect was arrested on the basis of the description given that day by Deputy Tarver.

"The test of probable cause is whether it would justify a person of reasonable caution in believing that an offense has been or is being committed, and this requires probability, which is less than a certainty but more than mere suspicion or possibility." *Lewis v. State*, 255 Ga. 101, 104 (335 SE2d 560). Irrespective of Tarver's testimony from recall two years later as to what description he gave, the arresting officer arrested the person matching the description actually given. His reasonable belief might not arise to a certainty, but it clearly was more than mere suspicion or "possibility." Id. The search incident to the lawful arrest was therefore valid, pursuant to OCGA § 17-5-1.

*Judgments affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 12, 1992.

*Peter D. Johnson,* for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.

