## A02A0531. THE STATE v. CANNON.
(559 SE2d 76)

ELDRIDGE, Judge.

The State appeals from the Superior Court of Richmond County's grant of Anthony Richard Cannon's motion to suppress, which motion was granted on the basis that a pat-down performed on

---

Cannon's person exceeded the bounds of a permissible *Terry*[1] search when the sheriff's deputy shook Cannon's pant leg in order to dislodge an unidentified "bulge" therein. The State argues that probable cause existed to search Cannon at the time the deputy shook the pant leg. We agree and reverse.

In addressing this appeal, we bear in mind that a trial court's application of the law to undisputed facts is subject to de novo appellate review.[2] Defendant presented no evidence at the motion to suppress, and the facts here are essentially undisputed; thus, the application of the law thereto will be reviewed de novo. In that regard, the record shows that, at approximately 2:30 a.m. on January 14, 2001, Bernard Peterson was driving a gold Acura 3.5 at an excessive rate of speed in the area of High and Carpenter Streets in Augusta. Appellee Cannon was riding in the front passenger seat, and two other male passengers were in the rear seat. Deputy W. Neal of the Richmond County Sheriff's Department was on routine patrol in the area and observed the speeding Acura. Neal moved in behind the Acura in his marked police vehicle. At that point, the Acura began weaving on the roadway, and the occupants "were moving around like they were hiding items in the car." Neal called for backup and pulled the Acura over for speeding and failure to maintain a lane.

Upon approaching, Neal and the backup deputies smelled a strong odor of marijuana coming from the vehicle; "[e]verybody out there smelled the marijuana." Deputy Neal asked if marijuana had been smoked, and "[t]hey said, yeah, they had been smoking earlier." Thereafter, Peterson gave Neal permission to search the car. Peterson, appellee Cannon, and the two passengers in the backseat were removed from the vehicle. Deputy Neal recognized Cannon from prior drug arrests.

All of the occupants of the car were frisked for officer safety. Deputy P. Kervin conducted the pat-down of Cannon. During the pat-down, Cannon was very nervous and refused to remain still; each time the deputy attempted to frisk Cannon's upper thigh area, Cannon resisted and asserted several times, "Don't touch me. Don't touch me. I got crabs"; Cannon would then move his body and hands in an attempt to prevent a pat-down of the area. Eventually, the deputy completed the pat-down and felt a small bulge in Cannon's groin area. Deputy Kervin shook Cannon's pant leg. A small plastic bag containing Ecstasy fell from the pant leg onto the ground. Cannon fled. Following a foot chase, he was apprehended and arrested for possession of contraband. *Held*:

---

[1] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).
[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The traffic violations of speeding and failure to maintain a lane provided probable cause to stop the Acura.[3] Also, for officer safety, there was a sufficient basis to perform a *Terry* pat-down of the car's occupants in that it was 2:30 a.m.; there was an admission that drugs were being used; there were four men in the car; and at least one of the four men — Cannon — was known to be involved in the drug trade.[4] "It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed."[5]

Finally, the deputies had sufficient probable cause to perform a warrantless search of Cannon. "The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search."[6] Indeed, "[p]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of [the] circumstances surrounding a transaction."[7]

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. . . . Although . . . evidence alone may not have been sufficient to convict . . . the same strictness of proof required for a finding of guilt is not necessary for probable cause.[8]

Here, prior to Deputy Kervin's shaking of Cannon's pant leg, the strong and immediate smell of marijuana, taken together with (a) the admission that the occupants of the car had been smoking marijuana, (b) the furtive movements of the occupants of the Acura when the marked police vehicle moved in behind it, which movements appeared to be an attempt to hide something, (c) knowledge of Cannon's prior drug activities,[9] (d) Cannon's extreme nervousness, and

---

[3] *Tukes v. State*, 236 Ga. App. 77 (1) (511 SE2d 534) (1999).

[4] *Garmon v. State*, 271 Ga. 673, 678 (3) (524 SE2d 211) (1999); *Satterfield v. State*, 251 Ga. App. 141, 144 (553 SE2d 820) (2001).

[5] (Punctuation omitted.) *Stewart v. State*, 227 Ga. App. 659, 660-661 (2) (490 SE2d 194) (1997).

[6] *Patman v. State*, 244 Ga. App. 833, 835 (537 SE2d 118) (2000), citing *Albert v. State*, 236 Ga. App. 146, 149 (2) (511 SE2d 244) (1999) (odor of marijuana combined with defendant's red, glassy eyes, slurred speech, and failed HGN test gave rise to probable cause to arrest defendant); *Williams v. State*, 187 Ga. App. 409, 412 (2) (370 SE2d 497) (1988) (smell of marijuana along with person's furtive conduct and inconsistent responses gave rise to probable cause to search); *Griffin v. State*, 180 Ga. App. 189, 190 (348 SE2d 577) (1986) (odor of marijuana combined with officer watching the defendant roll cigarette from bag of leafy green substance and then toss cigarette upon officer's approach established probable cause).

[7] (Punctuation omitted.) *Albert v. State*, supra.

[8] *Firsanov v. State*, 270 Ga. 873, 875 (3) (513 SE2d 184) (1999).

[9] See *Garmon v. State*, supra at 678 (3); *Sosebee v. State*, 227 Ga. App. 21, 23 (488 SE2d 102) (1997); *Leonard v. State*, 213 Ga. App. 503, 505 (445 SE2d 330) (1994).

(e) his repeated attempts to prevent a lawful pat-down of his person in *precisely* the area where a suspicious, unidentified "bulge" was ultimately discovered, provided sufficient circumstances in which a prudent man would be warranted in believing that Cannon was hiding contraband in his pants. "Taken together, the circumstances establish probable cause to search [Cannon], and the trial court [erred] in [granting] his motion to suppress."[10]

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 11, 2002 —
RECONSIDERATION DENIED JANUARY 25, 2002 —

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellant.

*Jack E. Boone, Jr., Danny L. Durham,* for appellee.

---

[10] *Patman v. State*, supra at 836; see also *State v. Folk*, 238 Ga. App. 206 (521 SE2d 194) (1999).