### A03A2544. WILLIAMS v. THE STATE.
(594 SE2d 704)

MIKELL, Judge.

A jury convicted Isaac Jeffery Williams of three violations of the Georgia Controlled Substances Act. He appeals, arguing that the trial court erred in denying his motion to suppress evidence discovered during a search of his person. We affirm.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *State v. Burnett,* 220 Ga. App. 133-134 (469 SE2d 324) (1996).

So viewed, the evidence adduced at the pretrial hearing demonstrates that on March 28, 2001, Corporal Scotty Hancock of the Floyd County Sheriff's Department attempted to serve an arrest warrant on Wayne Booker. As he and Deputy Brad Smith approached the house where Booker was believed to be staying, they noticed "a strong odor of marijuana coming from the residence." Jimmy Ragland, the primary resident of the home, met the officers on the front porch. Ragland told them that he had not seen Booker. He also claimed that no one else was inside his home; however, Deputy Smith heard a number of people inside.

Corporal Hancock obtained consent from Ragland to search the residence for Booker. The officers discovered six people inside and brought them all into one room. While searching the house for Booker, Deputy Smith discovered what appeared to be a pipe used for smoking drugs. Based on the suspected drug activity and the

number of people present, Corporal Hancock called for backup and patted down the subjects for weapons. He testified that Williams, one of the six individuals, was "very nervous" and "was acting in a peculiar manner."

Corporal Hancock obtained consent from Ragland to search the residence for drugs. He found a crack pipe under the sofa cushion where Williams was sitting. The officer testified that Williams appeared very nervous at that point. Based on the discovery of drug paraphernalia, Williams's nervous demeanor, and the smell of marijuana, Corporal Hancock determined that he had a reasonable suspicion that Williams was in possession of drugs. He took Williams into another room to conduct a more thorough search. While patting Williams down, Corporal Hancock felt what he thought might be packaged drugs. He asked Williams to pull down his pants and shake his shorts out. When Williams complied, a bag of cocaine fell out. Williams briefly attempted to flee but was apprehended and arrested for cocaine possession.

Williams argues that both the initial pat-down and the subsequent search of his person were not authorized by law and, therefore, that the trial court erred in denying his motion to suppress. We disagree and conclude that the trial court's judgment was not clearly erroneous.

First, the initial pat-down was conducted to determine that Williams and the other individuals were not armed. "In this state, a *Terry* pat-down search is authorized when the officer reasonably believes that it is necessary to protect him from attack." (Citation omitted.) *Dowdy v. State*, 209 Ga. App. 311, 312 (433 SE2d 293) (1993). See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Based on the number of people present in the house and the suspected drug activity, the *Terry* pat-down was reasonable to ensure the officers' safety.

Furthermore, the officers had sufficient probable cause to perform the second warrantless search of Williams.

[P]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of the circumstances surrounding a transaction. The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. Although evidence alone may not have been sufficient to convict the same strictness of proof required for a finding of guilt is not necessary for probable cause.

(Citations and punctuation omitted.) *State v. Cannon*, 253 Ga. App. 445, 447 (559 SE2d 76) (2002). In this case, probable cause was sup-

ported by the officers' initial detection of the odor of marijuana, Ragland's lie concerning other people being present in the house, Williams's extreme nervousness, the discovery of drug paraphernalia after Ragland consented twice to the search of his home, and the fact that the crack pipe was found under the cushion on which Williams was seated. Accordingly, the trial court's denial of the motion to suppress was not clearly erroneous, and Williams's conviction is affirmed.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 2004.

*Christopher G. Paul*, for appellant.
*Leigh E. Patterson, District Attorney, Jason A. Lewis, Assistant District Attorney*, for appellee.