## A08A2216. JACKSON v. THE STATE.
(675 SE2d 301)

BARNES, Judge.

Following a bench trial, Charles Derightous Jackson appeals his conviction for possession of a firearm by a convicted felon, contending that the trial court erred in denying his motion to suppress. He argues that he was impermissibly detained beyond the scope of the initial stop. For the reasons that follow, we affirm the trial court.

On appeal, Jackson argues that the trial court erred by denying the motion to suppress because the police officer's testimony was not credible, and he detained Jackson beyond the scope of the initial stop.

In reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). When the evidence is uncontroverted and no question of witness credibility is presented, "the trial court's application of the law to undisputed facts is subject to de novo appellate review. [Cits.]" *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). On issues of mixed questions of fact and law, we will accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts. *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000).

So viewed, the evidence shows that a state trooper with the Georgia State Patrol stopped Jackson after observing the car Jackson was driving change lanes without signaling. When the trooper approached the stopped vehicle, Jackson rolled down the passenger window, and the trooper detected the odor of "raw and burnt marijuana." The trooper "immediately went to [his] patrol car and contacted [an officer] with the Motor Carriage Compliance Division, who also is a K-9 officer." The officer returned to Jackson and "continued getting information, continued with the [traffic] warning."

The K-9 officer arrived "within a minute or so" while the trooper was writing the warning, and the trooper, at that point, told Jackson about the marijuana smell, and asked him if there were drugs in his car. Jackson denied having drugs in the car, but refused

to consent to a search of his car so the canine was deployed for an open-air search around Jackson's vehicle. The dog alerted and the trooper informed Jackson about the result, after which Jackson informed the officer that he had a gun in the car. The trooper discovered the loaded firearm during the search, and Jackson also told the officer that he was a convicted felon.

At the motion to suppress hearing, Jackson argued that he "should not have been detained any longer than necessary to either write him a warning ticket or a ticket for the change of lane without signaling." The trial court found that the lingering odor of marijuana provided "probable cause for a search. The K-9 unit arrived without any inordinate delay and did alert, offering probable cause for the search."

When undertaking a traffic stop, an officer has certain restrictions regarding the scope of the detention. "The scope of the detention must be carefully tailored to its underlying justification." *Florida v. Royer*, 460 U. S. 491, 500 (II) (103 SC 1319, 75 LE2d 229) (1983).

> This Court has held, if an officer *continues to detain* the subject after the conclusion of the traffic stop and interrogates him or seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop.

(Citation and punctuation omitted; emphasis in original.) *Faulkner v. State*, 256 Ga. App. 129, 130 (567 SE2d 754) (2002). However, questioning unrelated to the purpose of an initial stop is proper so long as it does not prolong the duration of the same. *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006).

Here, the evidence shows that the trooper smelled marijuana, immediately contacted a K-9 unit, and proceeded with issuing the citation. The trooper testified that the K-9 unit arrived "within a minute" from the time that Jackson was pulled over. When the drug dog alerted on Jackson's car, the traffic stop was still in progress.

Moreover,

> [t]he odor of burning marijuana emanating from the interior of an occupied vehicle provides a strong indication that the vehicle contains illegal contraband. We previously have found the "alert" of a trained narcotics dog, standing alone, sufficient to provide probable cause for the search of a vehicle. . . . [A] trained police officer's perception of the odor of burning marijuana, provided his ability to identify that odor is placed into evidence, [also] constitutes sufficient

probable cause to support the warrantless search of a vehicle.

*State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). Thus, in this case, when the trooper smelled the burnt marijuana, he had probable cause, independent of the K-9 alert, to search Jackson's car. See *Williams v. State*, 273 Ga. App. 637, 640 (3) (615 SE2d 789) (2005).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 11, 2009.

*Rebecca B. Paris*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.