### A09A1454. LAWRENCE v. THE STATE.
(686 SE2d 352)

PHIPPS, Judge.

Following a bench trial, Jack Lawrence was convicted of possession of cocaine. On appeal, he challenges the trial court's denial of his motion to suppress the cocaine, which he contends was discovered through an unconstitutional search. Because we agree that the search was unconstitutional, we reverse.

In reviewing a trial court's decision on a motion to suppress,

> [w]hen the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. On issues of mixed questions of fact and law, we will accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts.[1]

So viewed, the record showed that on the evening of July 25, 2008, a law enforcement officer observed a car swerving in the road. The car then stopped in the middle of the road. A person emerged from a club known to the officer for drug activity and got into the car. As the car drove away, it swerved again and ran off the road. The officer initiated a traffic stop, and when he approached the car

---

[1] *Jackson v. State*, 296 Ga. App. 565 (675 SE2d 301) (2009) (citations and punctuation omitted); see *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

recognized the driver as Lawrence's wife. The officer was familiar with Lawrence and was aware that he had a history of drug offenses. Lawrence's wife at first denied picking up anyone in front of the club, but then admitted that she had picked up Lawrence. The officer testified that he then

> asked her could [he] search the vehicle, was [sic] there any drugs in the vehicle[,] and she told [him] she didn't think so. [He] then kept talking to her. [He] said, ["L]ook here, if I search through the vehicle and find anything there is a good possibility you and your husband [are] going to jail.["] She said, ["W]ell, Jack put something in his pocket.["]

The officer did not know what was in Lawrence's pocket. But he instructed Lawrence to get out of the car and empty his pocket, and Lawrence pulled from his pocket a bag of cocaine.

Lawrence argues that the officer engaged in an unconstitutional search when the officer ordered him to empty his pocket. The state responds that the search of Lawrence's pocket was permissible as incident to his arrest, which occurred after the search.[2] The constitutionality of a search incident to arrest depends on the constitutional validity of the arrest.[3]

> Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.[4]

"The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. A suspicion or strong reason to suspect is an insufficient foundation for a finding of probable cause."[5] Where probable cause existed before an arrest, and the arrest did not rely on evidence found in a search for its

---

[2] See *Smith v. State*, 284 Ga. 304, 307 (3) (a) (667 SE2d 65) (2008) (arrest of suspect based on probable cause is reasonable intrusion under Fourth Amendment and justifies search incident to arrest).

[3] *Vaughn v. State*, 247 Ga. 136, 137 (274 SE2d 479) (1981).

[4] Id. at 137-138, quoting *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964); accord *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988).

[5] *Brown v. State*, 269 Ga. 830, 831-832 (2) (504 SE2d 443) (1998) (citations and punctuation omitted).

validity, the fact that a defendant was searched before rather than after the arrest does not affect the validity of the search.[6]

The state points to several facts that it contends, when viewed in their totality, constituted probable cause for the officer to believe that Lawrence was in possession of drugs: (1) his history of drug offenses; (2) his presence at a club known for drug activity; (3) his wife's behavior of stopping her car in the middle of the road to pick him up from the club; (4) his wife's initial lie concerning him; and (5) his wife's statement that he had put an unidentified item into his pocket, which she made in the context of a discussion with the officer about drugs. Taken separately, none of these facts constitutes probable cause that Lawrence was in possession of drugs.[7]

Probable cause, however, "need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction."[8] Thus, "[a] combination of suspicious circumstances evincing the conduct of a criminal act may amount to sufficient probable cause to uphold a warrantless arrest or search."[9] But where we have found probable cause through the totality of circumstances, there generally has been some evidence directly linking the defendant to suspected criminal activity. The cases cited by the state fit this description. For example, in *State v. Cannon*,[10] a defendant's previous drug activities, when combined with other factors such as the immediate, strong smell of marijuana, the defendant's furtive movements, his extreme nervousness, his admission of using marijuana, and his repeated attempts to prevent a *Terry* pat-down, gave rise to probable cause that he had concealed contraband on his person, authorizing a warrantless search.[11] Similarly, in *Gebremedhin v. State*,[12] the observation of police that a defendant had engaged in actions that could be either innocuous or suspicious (referred to in that opinion as "transactions of ex-

---

[6] *State v. Lane*, 275 Ga. App. 781, 783 (621 SE2d 862) (2005).

[7] See, e.g., *Illinois v. Wardlow*, 528 U. S. 119, 124 (120 SC 673, 145 LE2d 570) (2000) (person's presence in area of expected criminal activity, alone, does not meet lower standard of reasonable suspicion that person is committing a crime); *Beck*, supra at 97 (officer's knowledge of person's record of arrests or convictions did not constitute probable cause to arrest person for similar offense).

[8] *Mitchell v. State*, 200 Ga. App. 146, 147 (1) (407 SE2d 115) (1991) (citation and punctuation omitted).

[9] *Gebremedhin v. State*, 202 Ga. App. 811, 812 (415 SE2d 529) (1992) (citations and punctuation omitted).

[10] 253 Ga. App. 445 (559 SE2d 76) (2002).

[11] Id. at 447-448; see also *Williams v. State*, 265 Ga. App. 489, 490-491 (594 SE2d 704) (2004) (probable cause supported search of person in a house who was extremely nervous and lied to investigating officers, where officers smelled marijuana and discovered drug paraphernalia during a valid search of the house).

[12] Supra, 202 Ga. App. 811.

change"), when combined with a tip from a reliable informant that the defendant was selling drugs at that location and the discovery of a large sum of money in the defendant's car, constituted probable cause that supported the defendant's arrest.[13] We find the cases cited by the state involving arrests made of people at airports matching drug courier profiles inapposite.[14]

The circumstances of this case, however, do not combine to show probable cause.[15] The officer did not testify to observing any illegal or furtive behavior or any anxiety on the part of Lawrence. There was no evidence that the officer had received information from a reliable source that Lawrence was in possession of drugs that night. Any suspicion that Lawrence had put drugs in his pocket arose not from the officer's observation of Lawrence but from an ambiguous comment made by Lawrence's wife, and the officer admitted that he did not know from that comment what Lawrence had placed in his pocket. Whether these facts, taken together, gave rise to a reasonable suspicion that Lawrence was in possession of drugs sufficient to perform an investigative *Terry* stop need not be determined.[16] Construed to favor the judgment,[17] the scope of the search performed on Lawrence exceeded that allowed in a *Terry* stop, and would have been lawful only if supported by probable cause.[18] Because the officer lacked the probable cause needed to arrest Lawrence, the search performed incident to that arrest was unconstitutional.[19] The court erred in denying Lawrence's motion to suppress evidence found in that search.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

---

[13] Id. at 812; see also *Steward v. State*, 237 Ga. App. 672, 674-675 (516 SE2d 534) (1999) (probable cause supported search of person who matched description of drug supplier confidential informant indicated had brought drugs to particular location on particular day).

[14] See, e.g., *Brown v. State*, 188 Ga. App. 417 (373 SE2d 99) (1988); *State v. Richardson*, 187 Ga. App. 456 (370 SE2d 762) (1988).

[15] See *State v. Jones*, 245 Ga. App. 763, 767 (2) (538 SE2d 819) (2000) (information possessed by officer, that defendant appeared nervous, had used drugs in the past, and was "possibly" transporting drugs, did not establish probable cause to arrest or search defendant).

[16] See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). But see, e.g., *State v. Dukes*, 279 Ga. App. 247, 249-250 (630 SE2d 847) (2006) (anonymous report that defendant was dealing drugs at a location, combined with officers' observation of defendant and another man approaching and then walking away from each other after looking at patrol car, did not give rise to reasonable suspicion of criminal activity); *Holmes v. State*, 252 Ga. App. 286, 288-289 (556 SE2d 189) (2001) (no reasonable suspicion of criminal activity where defendant, who was in an area known for drug activity and had approached officers' vehicle in a manner often used by "crack runners or dealers," did not attempt to evade officers or engage in any criminal activity in their presence).

[17] See *Brown*, supra, 269 Ga. at 833.

[18] See *Corley v. State*, 236 Ga. App. 302, 304 (1) (a) (512 SE2d 41) (1999) (officer's demand to empty pocket cannot be justified as a frisk for weapons under *Terry*).

[19] See *Vaughn*, supra.

DECIDED NOVEMBER 3, 2009.

*Steven M. Harrison*, for appellant.
*Timothy G. Vaughn, District Attorney, Jason O. Waters, Assistant District Attorney*, for appellee.