**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 17, 2013

# In the Court of Appeals of Georgia

A13A0396. WESTMORELAND v. THE STATE.

ANDREWS, Presiding Judge.

Susan Lee Westmoreland was charged with possession of methamphetamine with intent to distribute after police found methamphetamine during a search of her car after she was stopped for traffic violations. Westmoreland appeals from the trial court's denial of her pre-trial motion to suppress the methamphetamine alleging that the search violated her Fourth Amendment rights. For the following reasons, we find no Fourth Amendment violation and affirm.

While police were conducting surveillance of a house where the manufacture or sale of methamphetamine was suspected, officers followed a car seen leaving the house at about 1:30 a.m. Observing that the driver was not wearing a seat belt and was improperly weaving, one of the officers stopped the car on the basis of these

traffic violations. Westmoreland was the driver. Immediately after the traffic stop was made, an officer from the narcotics division approached the car and smelled what he described as the distinct odor of methamphetamine coming from the interior of the car. The officer testified that he was trained and experienced in recognizing the odor of manufactured methamphetamine and that it was a distinctly recognizable odor. The officers detained Westmoreland at the scene and immediately called for a police canine unit to conduct an open air sniff around the exterior of the car. The canine unit arrived at the scene about 50 minutes after the stop was made and the dog, trained to alert to narcotics, immediately alerted to the presence of contraband in the car. Immediately after the dog alerted, the officers searched the car and found suspected methamphetamine hidden inside the car.

1. There is no merit to Westmoreland's claim that the initial stop of her car was an illegal seizure in violation of the Fourth Amendment because the officer used the traffic violations as a pretext to stop her on the hunch that methamphetamine was in the car. Regardless of whether the officer thought methamphetamine might be in the car, when the officer observed the traffic violations, he had probable cause to stop the car for those violations. *Soilberry v. State*, 282 Ga. App. 161, 162 (637 SE2d 861)

(2006). Accordingly, the subsequent search was not the product of an illegal initial stop.

2. There is no merit to Westmoreland's claim that the search of her car violated the Fourth Amendment because the search occurred after the initial stop for the traffic violations was illegally prolonged.

Immediately after the initial stop, an officer trained and experienced in recognizing the distinct odor of manufactured methamphetamine smelled this odor coming from inside the car. An officer's detection of an odor associated with the presence of contraband can be used to establish probable cause to search for the contraband if evidence shows that the officer was qualified to know the odor, and the odor is sufficiently distinctive to identify the contraband. *O'Keefe v. State*, 189 Ga. App. 519, 526 (376 SE2d 406) (1988). Based on qualifications to recognize the distinct odor of methamphetamine, the officer's detection of this odor coming from the car gave him probable cause (apart from the purpose of the initial traffic stop) to search Westmoreland's car without a warrant for the presence of methamphetamine. *State v. Folk*, 238 Ga. App. 206, 208 (521 SE2d 194) (1999); *Durham v. State*, 2013 WL 781781 at *2 (Ga. App. March 4, 2013); *United States v. West*, 219 F3d 1171, 1178 (10th Cir. 2000). "The 'automobile exception' to the warrant requirement of the

3

Fourth Amendment applies to the search of a vehicle when probable cause exists to believe it contains contraband." *Folk*, 238 Ga. App. 209; *Maryland v. Dyson*, 527 U. S. 465, 466-467 (119 SCt 2013, 144 LE2d 442) (1999).

Even though the smell of methamphetamine in the car established an objective basis for probable cause to search the car without a warrant, the officer called for a police canine unit to confirm the presence of contraband in the car. It is unclear whether the officer took this step because he had the subjective belief that additional evidence of contraband in the car was needed to establish probable cause to search. Nevertheless, "[a]n action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify the action. The officer's subjective motivation is irrelevant." *Brigham City v. Stuart*, 547 U. S. 398, 404 (126 SCt 1943, 164 LE2d 650) (2006) (emphasis in original; citation and punctuation omitted). The officer had independent probable cause to search the car immediately after smelling the methamphetamine; the alert by the trained drug-sniffing dog about 50 minutes later simply provided an additional basis for probable cause to search. *Jackson v. State*, 296 Ga. App. 565, 566 (675 SE2d 301) (2009). It follows that the 50-minute wait for the arrival of the drug-sniffing dog did not prolong the initial traffic stop, but only delayed the warrantless

4

search based on probable cause of criminal conduct independent of the traffic stop. "There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure." *United States v. Johns*, 469 U. S. 478, 484 (105 SCt 881, 83 LE2d 890) (1985). We find that the warrantless search of the car conducted about 50 minutes after the officer first smelled the methamphetamine, and immediately after the dog alerted, was reasonable under the Fourth Amendment, and that the trial court correctly denied the motion to suppress.

*Judgment affirmed. Dillard, J., concurs. McMillian, J., concurs and concurs specially.*

A13A0396.  WESTMORELAND v. THE STATE.

McMILLIAN, Judge, concurring fully and specially.

I concur fully with Division 1.  However, with respect to Division 2, although I agree that the motion to suppress should have been denied, I would do so for a different reason.  Thus, I concur specially in Division 2.

"It is axiomatic that a police officer who observes a traffic violation is authorized to conduct a traffic stop of the vehicle in question.  Once a traffic stop has been effected, the Fourth Amendment prohibits the officer from unreasonably prolonging the stop beyond the time required to fulfill the purpose of the stop without a reasonable articulable suspicion of other illegal activity."  *Young v. State*, 310 Ga. App. 270, 272 (712 SE2d 652) (2011).  Our court has held that once an officer detects the odor of illegal narcotics, there is reasonable articulable suspicion to detain the defendant and investigate possible criminal activity.  See *Warren v. State*, 314 Ga. App. 477, 483 (724 SE2d 404) (2012) ("When the officer smelled marijuana and observed Warren's appearance and demeanor, he had reasonable articulable suspicion to further detain [the defendant] to investigate possible criminal activity."); *Bailey v. State*, 283 Ga. App. 365, 368 (641 SE2d 548) (2007) (odor of marijuana smoke

provided reasonable articulable suspicion of criminal activity and justified continued detention of defendant).

On appeal, Westmoreland contends that the traffic stop was illegally prolonged by approximately fifty minutes to await the arrival of a drug dog, citing *State v. Thompson*, 256 Ga. App. 188 (569 SE2d 254)(2002) and *Martin v. State*, 316 Ga. App. 220 (729 SE2d 437 (2012). However, the officer who was trained and experienced in recognizing the chemical odors associated with the manufacture of methamphetamine testified that he detected those chemical odors immediately after the initial stop and called for the drug dog. In contrast, in *Thompson* and *Martin* and similar cases, this court has found that a traffic stop was unreasonably prolonged to wait for a drug dog when there was no indication that the defendant was or had been engaged in any illegal drug related activity. *Thompson*, 256 Ga. App. at 189 (nervous behavior and strong smell of laundry detergent or dryer sheets not sufficient to prolong stop for 20 minutes for drug dog); *Martin*, 316 Ga. App. at 224 (no reasonable articulable suspicion to prolong stop for drug dog when known drug dealer was found sleeping in a car in a parking lot with permission of the owner).

2

Accordingly, the trial court correctly denied the motion to suppress.[1]

---

[1] Because the officer was authorized to detain Westmoreland for further investigation based on this reasonable articulable suspicion of criminal activity, I would not reach the issue of whether he also had probable cause to search based solely on the detection of the odors associated with the manufacture of methamphetamine.