**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 20, 2020**

# In the Court of Appeals of Georgia

A20A1942. TRAMMELL v. THE STATE.

McFADDEN, Chief Judge.

Craig Trammell was charged by accusation with possessing a false identification document in violation of OCGA § 16-9-4 (b) (6). Trammell pled not guilty to the charge and moved to suppress evidence seized by police officers during a search incident to a warrantless arrest. After an evidentiary hearing, the trial court denied the motion, finding that the officers had probable cause to arrest Trammell for disorderly conduct and that the search incident to the arrest was therefore valid.

The trial court issued a certificate of immediate review and Trammell filed an application for interlocutory appeal. The application was granted and this appeal followed. We reverse the denial of the motion to suppress because the trial court erred

in finding that the officers had probable cause to arrest Trammell for disorderly conduct.

1. *Facts.*

"When reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. An appellate court also generally must limit its consideration of the disputed facts to those expressly found by the trial court." *Caffee v. State*, 303 Ga. 557 (814 SE2d 386) (2018) (citations and punctuation omitted). An "appellate court[] must focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact." Id. at 559 (1) (citation and punctuation omitted; emphasis in original).

Here, the trial court found in its order that at 1:30 a. m. on June 2, 2019, two officers were outside a bar in downtown Athens when they witnessed bar staff pulling Trammell down stairs and escorting him out of the bar. Trammell was pulling away from the staff and yelling profanities. The officers approached Trammell and "[w]hen they put their hands on him, he told them not to touch him and to 'walk away down the street.'" The court further found that Trammell appeared agitated and aggressive, that the officers arrested him for disorderly conduct, and that "[s]ubsequent to the

arrest, the officers searched Mr. Trammell and located an identification that is the basis for the charge in this case."

2. *Search incident to arrest.*

"Searches conducted without a warrant are unreasonable under the Fourth Amendment unless they fall within a well-established exception to the warrant requirement, including . . . searches incident to a lawful arrest." *Evans v. State*, 308 Ga. 582, 588 (3) (b) (842 SE2d 837) (2020) (citation and punctuation omitted).

> A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed The United States Supreme Court repeatedly has explained that probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

*Westbrook v. State*, 308 Ga. 92, 95 (2) (839 SE2d 620) (2020) (citations and punctuation omitted).

In the instant case, the officers arrested Trammell for disorderly conduct. OCGA § 16-11-39 (a) (1-4) sets forth four different methods by which a person commits the offense of disorderly conduct. The state concedes that the three methods provided by subsections (1), (2), and (4) of OCGA § 16-11-39 (a) do not apply to

3

Trammell's actions. But the state argues that the officers had probable cause to arrest Trammell for disorderly conduct pursuant to subsection (3), the "fighting words" provision of the statute. Pursuant to that provision,

> [a] person commits the offense of disorderly conduct when such person . . . [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words[.]"

OCGA § 16-11-39 (a) (3). Thus, under this provision, "fighting words are defined as those which by their very utterance tend to incite an immediate breach of the peace." *Knowles v. State*, 340 Ga. App. 274, 277 (797 SE2d 197) (2017) (citation and punctuation omitted).

The issue here is whether Trammell directed fighting words toward the officers that gave them probable cause to arrest him for disorderly conduct. In resolving this issue, we must "examine not only the words used but also the circumstances and context in which they were said." *Turner v. State*, 274 Ga. App. 731, 732 (1) (a) (618 SE2d 607) (2005) (citation and punctuation omitted). The state points to testimony of the officer who decided to arrest Trammell concerning the use of profanity. As

4

explained by the officer, he did not arrest Trammell because he had been escorted out of the bar, but because of his actions when the officers made contact with him. The officer testified that Trammell did not make any threats to him, but that he decided to arrest Trammell for disorderly conduct when he pulled away from the other officer and said something to the effect of "fuck you; don't touch me." The officer acknowledged that the arrest of Trammell for disorderly conduct occurred within ten seconds of the officers first making contact with him. Despite the officer's testimony concerning specific profanity used by Trammell, we note that the trial court did not include such statements in its findings of fact.

"To ensure no abridgment of constitutional rights, the application of OCGA § 16-11-39 (a) (3)'s proscription on fighting words must necessarily be narrow and limited." *Delaney v. State*, 267 Ga. App. 377, 378 (599 SE2d 333) (2004) (citation and punctuation omitted). Moreover,

> the fighting-words exception to constitutionally protected speech requires a narrower application in cases involving words addressed to a police officer. This is because a properly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen, and thus be less likely to respond belligerently to fighting words. Additionally, as the [United States] Supreme Court has further explained, the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. Indeed, the freedom of individuals verbally to oppose or challenge police action

5

without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

*Knowles v. State*, supra at 280 (citations and punctuation omitted).

Given the narrow application of the fighting words exception, especially in cases involving words addressed to a police officer, we conclude that the trial court erred in finding that there was probable cause to arrest Trammell for disorderly conduct under OCGA § 16-11-39 (a) (3). The statements found by the trial court — Trammell saying not to touch him and to walk away — are not so opprobrious or abusive that their very utterance would tend to incite an immediate breach of the peace. And while we recognize that the officer who made the decision to arrest Trammell for disorderly conduct testified that he did so after hearing Tramell say something to the effect of "fuck you" to the other officer, we note that the trial court did not find that such words were uttered. Rather, the court found that Trammell used profanity when he was being escorted out of the bar, but made no finding as to any specific profanity directed toward the officers. Moreover, "while the trial court also noted that [Trammell appeared agitated and] aggressive[] . . ., it did not cite any evidence regarding how [he] did so[.]" *Knowles*, supra.

6

"While we cannot condone [Trammell's] rude and disrespectful comments toward the police officer in this case, the conduct at issue here simply does not rise to the level of criminal conduct that would constitute 'fighting words' under OCGA § 16-11-39 (a) (3)." *Turner*, supra at 733 (insufficient evidence of disorderly conduct where defendant yelled "you bastards" at an officer and repeatedly disobeyed officer commands). Indeed, "the particular facts and circumstances [found by the trial court in] this case — including that the statements were directed to a trained police officer — do not support the trial court's finding that there was probable cause to believe that [Trammell] uttered fighting words within the meaning of OCGA § 16-11-39 (a) (3)." *Knowles*, supra at 283 (reversing denial of motion to suppress where defendant yelled, cursed, and said "fuck you" to arresting officer). Because the officers did not have probable cause to arrest Trammell for the use of fighting words, it follows that the search incident to that unlawful warrantless arrest was not valid. *Lawrence v. State*, 300 Ga. App. 731, 734 (686 SE2d 352) (2009) ("Because the officer lacked the probable cause needed to arrest [defendant], the search performed incident to that arrest was unconstitutional.") The trial court therefore "erred in denying [the] motion to suppress evidence found in that search." Id.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur.*

7