## A99A0211. THE STATE v. FOLK.
### (521 SE2d 194)

SMITH, Judge.

The State appeals the trial court's order granting Gregg Erin Folk's motion to suppress marijuana seized from the passenger compartment of his car. Because the trial court erred in concluding that the officer's initial approach to Folk's vehicle was impermissible as not based upon articulable suspicion, we reverse. We also conclude that, under the circumstances presented here, the odor of burning marijuana provided sufficient probable cause for a search of Folk's car.

The facts of the stop and search are not disputed. On June 28, 1997, at approximately 12:50 a.m., a Gwinnett County police officer on routine patrol pulled into a convenience store parking lot. He observed three individuals in a white Buick Century parked in front of the store, which was open at the time. The white Buick was the only car in the lot. The officer watched the car for several minutes and noticed that no one entered or exited the vehicle. He then pulled up to the Buick, exited his vehicle, and approached the driver, Greg Folk.

The officer asked Folk what they were doing. Folk responded that they were waiting for a friend. While speaking with Folk, the officer smelled an odor coming from inside the car, which, based upon his prior training and experience, he concluded was that of burning marijuana. He asked all the occupants for identification, had them exit the vehicle, and then proceeded to search the vehicle without asking for Folk's consent. The officer found a baggie of marijuana underneath some clothing on the floorboard behind the driver's seat. Prior to his arrest, Folk admitted that the marijuana belonged to him, and the officer released the other two occupants.

At the suppression hearing, the officer was the only witness. After presentation of all the evidence, the trial court determined that three people sitting in a car at an open convenience store at 1:00 a.m. did not provide enough "articulable suspicion" for the officer to approach the car. The court further reasoned that since the officer's initial approach was impermissible, then "anything that happened

after he approached can't be admitted because it is fruits of a poisonous tree." The trial court therefore granted Folk's motion to suppress the marijuana.

On appeal, the State argues that the trial court erred in granting the motion to suppress, because it incorrectly required the officer to have a reasonable and articulable suspicion to approach Folk's car. We agree.

At least three types of police-citizen encounters exist: verbal communications which involve no coercion or detention; brief "stops" or "seizures" which must be accompanied by a reasonable suspicion; and "arrests" which can only be supported by probable cause. *Verhoeff v. State*, 184 Ga. App. 501, 503 (362 SE2d 85) (1987). The issue presented here is whether the officer's approach to Folk was a first-tier encounter, a verbal communication absent coercion or detention, or a second-tier encounter, a brief "stop" or "seizure" requiring the officer to have reasonable suspicion.

A first-tier encounter never intrudes upon any constitutionally protected interest since the purpose of the Fourth Amendment is not to eliminate all contact between police and citizens, but simply to prevent arbitrary and oppressive police interference with the privacy and personal security of individual citizens. *Verhoeff*, supra at 503. On the other hand, a second-tier encounter may violate the Fourth Amendment if the officer briefly "stops" or "seizes" a citizen without reasonable suspicion. Reasonable suspicion exists when an officer has a particularized and objective basis for suspecting that a citizen is involved in criminal activity. See *Painter v. State*, 227 Ga. App. 875, 877 (490 SE2d 544) (1997). Moreover, a "seizure" within the meaning of the Fourth Amendment only occurs when, in view of all the circumstances surrounding the incident, a reasonable person believes that he is not free to leave. *Moran v. State*, 170 Ga. App. 837, 840 (1) (318 SE2d 716) (1984).

It is well established that an officer's approach of a stopped vehicle and inquiry as to what is going on does not constitute a "stop" or "seizure" and "clearly fall[s] within the realm of the first type of police-citizen encounter." *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997). Under the facts shown here, the State properly asserts that the initial police approach was a first-tier encounter, neither requiring reasonable suspicion nor invoking Fourth Amendment protection for the appellee. The record reflects that the officer approached Folk's parked car, simply asked him "what they were doing," and Folk willingly responded. There is no evidence that the officer asked this question in either a threatening or coercive manner. Because Folk's car was already stationary when the officer approached, he did not actually have to stop Folk before making this inquiry. No "stop" occurred within the meaning of the Fourth Amendment.

In addition, no evidence was presented that, at the time of this inquiry, the officer restrained Folk's movement by means of any physical force or show of authority or instructed him to roll down his window or open the car door, thereby "seizing" him. *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975). Nor is there any evidence that the officer did anything to prevent Folk from driving away from the convenience store. See *State v. Bryant*, 203 Ga. App. 69, 71 (416 SE2d 368) (1992). Given the casual and conversational nature of the encounter, the record simply does not show that Folk had any objective belief that he was not free simply to disregard the officer's inquiry. For this reason, Folk's claim that he was "seized" when the officer approached the car and made a simple inquiry is not supported by the evidence in the record, and the trial court's ruling to the contrary was clearly erroneous.

But this does not end our inquiry. In view of our holding that the officer's initial approach to Folk's car was permissible, we must now consider whether the facts and circumstances before the officer established probable cause to search the vehicle. In making this determination, we focus on the odor of burning marijuana detected by the officer.

Our decisions have recognized that "there is some controversy as to whether or not the odor of burning marijuana by itself supplies sufficient probable cause for a search or an arrest." (Punctuation omitted.) *O'Keefe v. State*, 189 Ga. App. 519, 526 (3) (376 SE2d 406) (1988). See also *Albert v. State*, 236 Ga. App. 146 (511 SE2d 244) (1999); *State v. Medders*, 153 Ga. App. 680, 681 (266 SE2d 331) (1980); *Rogers v. State*, 131 Ga. App. 136, 139 (3) (205 SE2d 901) (1974). Those decisions consider the odor as part of totality of circumstances supporting probable cause. But here, we must consider for the first time the odor of burning marijuana, standing alone, in the context of the warrantless search of an automobile.

A warrantless arrest is lawful if the underlying offense was committed within the "immediate knowledge" of the arresting officer. OCGA § 17-4-20 (a). And the officer is not required to see the crime taking place, but may use any of his senses to acquire knowledge that an offense is being committed. *Youhoing v. State*, 226 Ga. App. 475, 476-477 (1) (487 SE2d 86) (1997).

> Odor as well as sight, hearing, taste or touch can be used in establishing probable cause. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search

warrant. Indeed it might very well be found to be evidence of most persuasive character.

(Citations and punctuation omitted.) *O'Keefe*, supra at 526.

The odor of burning marijuana emanating from the interior of an occupied vehicle provides a strong indication that the vehicle contains illegal contraband. We previously have found the "alert" of a trained narcotics dog, standing alone, sufficient to provide probable cause for the search of a vehicle. See *Roundtree v. State*, 213 Ga. App. 793, 794-795 (446 SE2d 204) (1994); *Donner v. State*, 191 Ga. App. 58, 60 (380 SE2d 732) (1989). We now hold that a trained police officer's perception of the odor of burning marijuana, provided his ability to identify that odor is placed into evidence, constitutes sufficient probable cause to support the warrantless search of a vehicle.

The "automobile exception" to the warrant requirement of the Fourth Amendment applies to the search of a vehicle when probable cause exists to believe it contains contraband. *Wells v. State*, 212 Ga. App. 60, 63 (2) (441 SE2d 460) (1994). While the better practice might have been for the officer to request consent to search the vehicle, he would not have been required to abandon his investigation if refused. "Obviously it would have been a 'failure of justice' (OCGA § 17-4-20 (a)) if the police had left appellant in the car, perhaps to drive away, while they went looking for a magistrate." *Lufburrow v. State*, 206 Ga. App. 250, 251 (425 SE2d 368) (1992).

*Brewer v. State*, 129 Ga. App. 118, 120 (199 SE2d 109) (1973), involved police officers' unlawful entry into a private residence rather than a permissible "first tier" inquiry to the driver of a vehicle. And a later full panel decision by the author of that opinion specifically disavowed as obiter dictum the statement in *Brewer* that " '[t]he odor of marijuana is not in itself sufficient circumstantial evidence to constitute probable cause.' " *Rogers v. State*, 131 Ga. App. 136, 139 (205 SE2d 901) (1974); see also *Cunningham v. State*, 131 Ga. App. 133, 135-136 (205 SE2d 899) (1974) (Clark, J., concurring specially). But to the extent *Brewer* holds that the odor of burning marijuana lawfully perceived by a trained police officer in the vicinity of a vehicle is insufficient to constitute probable cause for a search of that vehicle, it is disapproved.

*Judgment reversed and remanded. Johnson, C. J., McMurray, P. J., Pope, P. J., Blackburn, P. J., Andrews, Ruffin, Eldridge, Barnes, JJ., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 24, 1999 — CERT. APPLIED FOR.

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors*, for appellant.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Phyllis Miller*, for appellee.