## A02A0238. SOLOMAN v. THE STATE.

(556 SE2d 914)

PHIPPS, Judge.

At a bench trial, Naquonn Soloman was convicted of trafficking in cocaine, possession of a firearm during the commission of a crime, operating a vehicle with an improper tag, and other offenses. His motion for new trial was denied, and he appeals. He contends that the trial court erred in denying his motion to suppress evidence, and he charges his trial lawyer with constitutionally ineffective assistance. We do not find error in the denial of Soloman's motion to suppress or deficient performance by counsel. We, therefore, affirm.

The evidence showed that at approximately 1:00 a.m. Officer Amanda McGruder was investigating suspicious activity in a high crime area in Savannah, when she observed Soloman driving a Camaro with an expired tag. After concluding her investigation of the suspicious activity, McGruder continued to patrol the area and saw the Camaro stopped in a roadway. As McGruder drove her police cruiser in the Camaro's direction, Soloman moved the Camaro onto the side of the road, opened the car door, and exited the vehicle. As the Camaro door opened the interior light came on, and from the seat of her patrol vehicle, McGruder observed an open glass bottle in a paper bag on the console of the Camaro. To investigate, Officers McGruder and Fann (who had suddenly appeared on the scene) then converged on the Camaro and exited their vehicles. McGruder testified that as she approached Soloman, who was standing next to the Camaro, she smelled a strong odor of burnt marijuana in the area. As she got closer to Soloman, McGruder could detect the odor of marijuana emanating from him. When McGruder asked Soloman about the marijuana odor, he claimed not to know what she was talking about. She then handcuffed him and looked inside the windows of the Camaro with a flashlight. She observed a large revolver on the driver's seat and a large wine bottle on the console. After placing

Soloman in her patrol car, McGruder conducted a further search of the Camaro and found over 30 grams of cocaine.

1. The court did not err in denying Soloman's motion to suppress.

"At least three types of police-citizen encounters exist: verbal communications that involve no coercion or detention; brief 'stops' or 'seizures' that must be accompanied by a reasonable suspicion; and 'arrests,' which can be supported only by probable cause. [Cit.]"[1] "While an officer may simply approach a stopped vehicle and inquire as to what is going on without initiating a 'stop' or 'seizure,' [cit.], the inquiry may become a stop or seizure if the officer restrains the citizen's movement by physical force, command, or show of authority. [Cits.]"[2] Assuming that the officers' approach to Soloman's car constituted a stop or seizure, they were authorized to do so to investigate the expired tag on the Camaro and the open container in the car.[3] Detection of the odor of burnt marijuana in the vicinity of the car provided probable cause for its search.[4]

2. Soloman contends that his trial lawyer rendered constitutionally ineffective assistance by encouraging him to waive his right to a jury trial because of counsel's own pecuniary interest, by unilaterally deciding that Soloman should not testify, and by being poorly prepared to argue the motion to suppress and try the case.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.][5]

"[C]ounsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment."[6] "The trial court's determination with respect to effective assistance of counsel will be

---

[1] *In the Interest of M. J. H.*, 239 Ga. App. 894, 895 (522 SE2d 491) (1999).

[2] Id.

[3] See *Smith v. State*, 240 Ga. App. 150, 151 (1) (522 SE2d 744) (1999) (expired tag); *Wynn v. State*, 236 Ga. App. 98, 100 (2) (511 SE2d 201) (1999) (open container).

[4] See *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999).

[5] *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001).

[6] *Brogdon v. State of Ga.*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985).

affirmed unless the trial court's findings are clearly erroneous. [Cit.]"[7]

At the hearing on Soloman's motion for new trial, counsel testified that he advised Soloman to waive his right to a jury trial and to elect a bench trial because Soloman's application for bail bond had been denied, a bench trial could be scheduled sooner than a jury trial, and counsel felt that Soloman's best and quickest hope for getting out of jail was through a favorable ruling on his motion to suppress either by the trial court or, more probably, by the appellate court. Counsel further testified that he advised Soloman that if he wanted a jury trial, he must either pay counsel more than the $650 he was then being charged or obtain the services of a court-appointed lawyer. Counsel testified that, based on this advice, Soloman decided to proceed with a bench trial rather than a jury trial. The trial court was authorized to find that counsel advised Soloman to opt for a bench trial in the exercise of reasonable professional judgment and not because of counsel's own financial interest.

Although Soloman charges counsel with deficient performance for waiving his right to testify without consulting with him,[8] counsel testified that he advised Soloman against testifying because his testimony was not needed and the State could have used his prior criminal record to impeach him. Soloman's claim that counsel did not advise him of his right to testify is contradicted by a written waiver of trial by jury signed by Soloman and appearing in the record. On the waiver form, Soloman acknowledged that counsel had advised him of his rights and answered all his questions. The trial court's determination that counsel was not ineffective in failing to inform Soloman of his right to testify is not clearly erroneous.

Although Soloman generally complains of counsel's lack of preparation to argue the motion to suppress and try the case, he has made no showing of how any omission by counsel prejudiced his case.[9]

3. Soloman also challenges the sufficiency of the evidence, but this challenge is premised on the assertion that his motion to suppress should have been granted. As the motion to suppress was prop-

---

[7] *Chapman v. State*, supra at 350 (2).

[8] See generally *Van Alstine v. State*, 263 Ga. 1, 2 (426 SE2d 360) (1993) (whether to testify in his own behalf is a decision to be made by the accused after full consultation with counsel).

[9] Apparently for the first time on appeal, Soloman also suggests that counsel was ineffective in not presenting the testimony of Officer Fann at trial. Although this claim of ineffective assistance presents nothing for review, because it does not appear that it was raised below, we note that according to Soloman, Fann testified at the preliminary hearing in this case without mentioning anything about smelling the odor of marijuana at the time of Soloman's arrest. There is, however, nothing in the record showing that Fann so testified.

erly denied, Soloman's evidentiary challenge is without merit.
*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 5, 2001 —

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.