### A05A0542. WILLIAMS v. THE STATE.
(615 SE2d 789)

SMITH, Presiding Judge.

Following his conviction at a bench trial on charges of trafficking in and possession with intent to distribute methamphetamine, Williams appeals, raising three enumerations of error in which he contends the trial court erred in denying his motion to suppress evidence. Finding no error, we affirm.

The evidence showed that on August 16, 2002, Officer Kelvin Ramirez of the Cobb County Police Department was on patrol at about 4:00 p.m. when he passed Williams's truck and observed that he was not wearing a seat belt. Ramirez initiated a traffic stop, exited his patrol car, and approached Williams's stopped vehicle.

He intended to obtain Williams's license, insurance, and registration information and to write a citation for not wearing a seat belt. When he approached Williams's truck, however, he smelled the odor of burnt marijuana coming from it. Ramirez had been trained to smell and recognize marijuana and had made arrests for marijuana based upon his training and experience. He had also smelled marijuana in other places, such as "night clubs, parties, in the street, apartments, houses" and he was "reasonably sure" that he was smelling marijuana. Williams handed Ramirez his Georgia driver's license, proof of insurance, and Florida vehicle registration. He explained when asked that the truck was registered to his mother, who lived in Florida, and that he had been driving it since moving to Georgia six or seven months previously.

Ramirez noticed that when Williams handed him the documents, he was visibly nervous: "[H]e was shaking and breathing rapidly."

---

[14] See id.; *Chancellor v. State*, 270 Ga. App. 87, 89 (606 SE2d 105) (2004).

When Ramirez asked Williams whether he had smoked marijuana that day or had been around anyone else who had, Williams replied that he had not. Ramirez also asked Williams if any other person had driven the vehicle that day and again received a negative reply. Williams also told Ramirez that "'there is no marijuana in the vehicle.'" But the odor of marijuana was "very" strong, and Ramirez "thought he had it hidden in the car somewhere."

Based upon these facts, Ramirez decided to search the truck for marijuana, and he asked Williams to step out of his vehicle. For his own safety, because Williams was a large man and Ramirez did not care to fight with him, Ramirez first handcuffed Williams, patted him down for weapons, and placed him in the back of the patrol car. He also explained to Williams what he was doing and told him he was not under arrest. He then began searching Williams's truck, and he discovered two large blocks of an unknown substance in a plastic bag in the center console. He asked Williams what these blocks were, but Williams denied ever seeing them before.

While Ramirez was searching the truck, another officer had arrived on the scene to help and a K-9 unit was called. When the K-9 unit arrived, the dog alerted on the car. The substance was field tested and Williams was charged with possession of methamphetamine.[1]

> We apply the following standard of review to the trial court's ruling: A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Phillips v. State*, 269 Ga. App. 619, 621 (1) (604 SE2d 520) (2004).

1. Williams contends that Ramirez did not have probable cause to search his truck because the odor of burnt marijuana the officer smelled was insufficient to authorize the search. This contention is controlled adversely to Williams by our whole court decision in *State v. Folk*, 238 Ga. App. 206 (521 SE2d 194) (1999). "Odor as well as sight, hearing, taste or touch can be used in establishing probable cause." (Citations omitted.) Id. at 208. We stated in *Folk* that

---

[1] The substance was later tested and was shown to be more than 28 grams of methamphetamine.

[t]he odor of burning marijuana emanating from the interior of an occupied vehicle provides a strong indication that the vehicle contains illegal contraband. We previously have found the "alert" of a trained narcotics dog, standing alone, sufficient to provide probable cause for the search of a vehicle. . . . [A] trained police officer's perception of the odor of burning marijuana, provided his ability to identify that odor is placed into evidence, constitutes sufficient probable cause to support the warrantless search of a vehicle.

(Citations omitted.) Id. at 209. Here, Ramirez testified to his training and experience, which qualified him to detect the odor of marijuana.

Contrary to Williams's argument, we find no meaningful distinction between the odor of "burnt" marijuana and "burning" marijuana. In fact, as the State correctly notes, in *Soloman v. State*, 252 Ga. App. 787 (556 SE2d 914) (2001), this court relied upon *Folk* to hold that the fact that officers detected the odor of "burnt marijuana in the vicinity of the car provided" them with sufficient probable cause to search the car. (Citation and footnote omitted.) *Soloman*, supra, 252 Ga. App. at 788 (1). Moreover, the cases cited by Williams are distinguished on their facts because all but one do not involve searches of vehicles,[2] which are subject to the "automobile exception" to the warrant requirement of the Fourth Amendment. The remaining case[3] is also distinguished because it involves a detergent-like odor, detection of which would not give rise to a suspicion of contraband, rather than the odor of marijuana, which is illegal.

2. Williams also contends that Ramirez "illegally applied the intent and meaning of the seat belt statute, OCGA § 40-8-76.1," to stop his vehicle and search it. Williams cannot raise this contention for the first time on appeal, having failed to challenge the stop either in his motion to suppress or at the hearing on the motion.

Moreover, Williams probably did not raise this contention earlier because it is clear from the record that Ramirez did not base his search of Williams's truck on the seat belt violation; the search was specifically to seek marijuana, because after approaching Williams's truck during the seat belt stop, Ramirez smelled a "very" strong odor of marijuana. This contention has no merit.

---

[2] *State v. Charles*, 264 Ga. App. 874, 876 (2) (592 SE2d 518) (2003); *Shivers v. State*, 258 Ga. App. 253 (573 SE2d 494) (2002); *Patman v. State*, 244 Ga. App. 833 (537 SE2d 118) (2000).

[3] *State v. Thompson*, 256 Ga. App. 188 (569 SE2d 254) (2002).

3. Williams's final contention is that Ramirez exceeded the scope of his initial traffic stop, which "should have terminated upon [his] providing to Officer Ramirez all requested information." We do not agree.

Once the original purpose of a traffic stop has been fulfilled, further detention "amounts to a second detention." (Citations omitted.) *Daniel v. State*, 277 Ga. 840, 841 (1) (597 SE2d 116) (2004). But

> it does not automatically follow that any further detention . . . is unconstitutional. . . . [T]he officer may detain the driver for questioning unrelated to the initial stop if he has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring.

(Citations omitted.) Id. Here, Ramirez certainly had that reasonable and articulable suspicion when he smelled the "very" strong odor of marijuana coming from Williams's truck. He questioned Williams further but was dissatisfied with Williams's answers, since they were at odds with the strong odor of burnt marijuana detected through Ramirez's own senses. This apparent conflict constituted probable cause to search Williams's truck for marijuana. In fact, as discussed in Division 1, supra, "[d]etection of the odor of burnt marijuana in the vicinity of the [truck] provided probable cause for its search." (Citation and footnote omitted.) *Soloman*, supra, 252 Ga. App. at 788 (1). Because the search was not based upon the traffic violation and probable cause existed to search the truck, the trial court did not err in denying Williams's motion to suppress on this ground.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 14, 2005.

*Cook, Pugh & Barrett, Joel C. Pugh, John C. Barrett, Steve T. Woodman*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Samuel W. Lengen, Assistant District Attorneys*, for appellee.