A06A0417, A06A0727. SEGO v. THE STATE (two cases).
(631 SE2d 505)

MILLER, Judge.

Following a bench trial, Joseph Cecil Sego, Jr. was convicted of possession of cocaine. In two appeals, he contends that the trial court erred in denying his motion to suppress.[1] We discern no error and affirm in both cases.

The evidence reveals that four police officers in an unmarked vehicle were monitoring a parking lot located in an area known for drug and prostitution activity. One of the officers observed four people approach a parked car in which Sego was sitting in the driver's seat. When the police officers pulled into the parking lot, the individuals who had been walking toward Sego's car immediately turned around and walked away. The officers got out of their car to approach Sego's vehicle, and as they did so, one of them saw the passenger in Sego's car attempt to swallow what appeared to be a crack rock.

An officer had Sego exit the vehicle and asked for his consent to search. Sego consented, and in the search that followed the officer found a magnetic "Hide-A-Key" in Sego's front pocket, containing crack cocaine. Sego was convicted of possession of cocaine, and he now appeals.

Sego contends that the trial court erred in denying his motion to suppress because the search of his person was conducted in connection with an illegal stop. We disagree.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

"Merely approaching an individual and requesting that he give his consent for a search does *not* constitute a seizure and need *not* be supported by an articulable suspicion." (Punctuation omitted; emphases in original.) *In the Interest of S. B.*, 207 Ga. App. 60, 62 (427 SE2d 52) (1993), citing *Florida v. Bostick*, 501 U. S. 429 (111 SC 2382,

---

[1] Sego makes the same arguments with respect to his motion to suppress in both Case No. A06A0417 and Case No. A06A0727. The only difference between the two appeals is that Sego asserts an additional enumeration of error in Case No. A06A0727, which apparently relates to his probation revocation. Sego, however, has failed to support this second enumeration with legal argument, citation to the record, or citation to authority. Therefore, the enumeration has been abandoned. Court of Appeals Rule 25 (c) (2), (3) (i). Accordingly, our resolution of Sego's arguments with respect to his motion to suppress is dispositive of both appeals.

115 LE2d 389) (1991); see also *Carrera v. State*, 261 Ga. App. 832, 834 (584 SE2d 2) (2003) (police in unmarked vehicle were authorized to approach parked car and request consent to search even without articulable suspicion of criminal activity). Indeed, an individual need not give consent to a search just because such consent has been requested. Nevertheless, the officers' initial approach of Sego's vehicle and request for consent to search were warranted, even without an articulable suspicion of criminal activity at the time of their approach.

Moreover, even if a reasonable articulable suspicion of criminal activity had been required to briefly detain Sego, the officers had such suspicion upon seeing (1) individuals approach Sego's car in an area known for drug activity, (2) the individuals turn and walk away upon seeing the police, and (3) Sego's passenger swallowing what appeared to be a crack rock as the police approached. See, e.g., *Jackson v. State*, 191 Ga. App. 439, 440 (1) (382 SE2d 177) (1989).

The trial court properly denied Sego's motion to suppress.

*Judgments affirmed in both cases. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 18, 2006.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Jewel C. Scott, District Attorney, Jonathan O. Oden, Assistant District Attorney*, for appellee.