A06A2086. SOILBERRY v. THE STATE.
(637 SE2d 861)

MILLER, Judge.

Following a bench trial, Trevisco Vindel Soilberry was convicted of trafficking cocaine, possession of methylenedioxymethamphetamine ("Ecstasy") with the intent to distribute, and possession of marijuana. On appeal, he contends that the trial court erred in denying his motion to suppress the evidence seized as a result of an unlawful stop and search of his vehicle. We discern no error and affirm.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the [trial court's] findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). "With mixed questions of fact and law, this Court accepts the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently applies the [law] to the facts." *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000).

So viewed, the record reveals that an officer with the Coweta County Sheriff's Department observed Soilberry driving without wearing a seat belt. The officer initiated a traffic stop, and as he approached Soilberry's vehicle, the officer "immediately smelled an overwhelming odor of marijuana coming out of the vehicle." As the officer spoke to Soilberry, he also noticed small pieces of green marijuana on Soilberry's clothing. The officer searched Soilberry's vehicle, where a large quantity of cocaine and a small quantity of

Ecstasy were found. In addition, a bag containing marijuana was found in one of Soilberry's pockets.

1. Soilberry claims that the officer's reliance on his alleged seat belt violation cannot be used to justify the traffic stop because it was "clearly pretextual." We disagree.

In *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996), the United States Supreme Court held that the temporary detention of a motorist upon probable cause that he has violated a traffic law does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the vehicle absent some additional law enforcement objective. "In other words, if the arresting officer witnessed the driver breaking even a relatively minor traffic law, a motion to suppress under the Fourth Amendment arguing that the stop was pretextual must fail." *State v. Reddy*, 236 Ga. App. 106, 108 (1) (b) (511 SE2d 530) (1999).

Here, the officer first noticed that Soilberry was not wearing a seat belt while the officer was positioned on the side of the road. The officer pulled up next to Soilberry's vehicle in traffic, confirmed that he was not wearing his seat belt, and effected a traffic stop. Violations of the mandatory seat belt statute are sufficient to authorize a traffic stop. OCGA § 40-8-76.1 (e) (3), (f). See *Fernandez v. State*, 275 Ga. App. 151, 157 (3) (b) (i) (619 SE2d 821) (2005).

Soilberry claimed that he was wearing his seat belt and challenged the officer's credibility by, among other things, pointing out that the officer could not remember whether Soilberry's vehicle had its windows rolled up or down at the time he noticed that Soilberry was not wearing his seat belt. Credibility determinations are for the trial court, however, and "the trial court's decisions with regard to questions of fact and credibility must be accepted unless clearly erroneous." *Brown v. State*, 278 Ga. 724, 727 (2) (609 SE2d 312) (2004). Here, the trial court found the testimony of a 17-year veteran of the Coweta County Sheriff's Department to be more credible than the self-serving testimony of a defendant who had previously been convicted of possession of cocaine with the intent to distribute. Given the trial court's factual findings, we conclude that the stop was not pretextual. See *Turner v. State of Ga.*, 265 Ga. App. 40, 42 (2) (592 SE2d 864) (2004).

2. Soilberry claims that no probable cause existed to search his vehicle and no exception to the warrant requirement was implicated. We disagree.

Again, Soilberry challenges the credibility of the officer, pointing out that while the officer testified he smelled burnt marijuana, no burnt marijuana was found, and that the officer failed to preserve the green marijuana particles that he claimed to identify on Soilberry's

clothing. As stated above, however, the trial court's decisions with regard to questions of credibility must be accepted unless clearly erroneous. *Brown*, supra, 278 Ga. at 727 (1). As a result, we cannot say that the trial court erred in its determination to rely on the testimony of the police officer.

The "automobile exception" to the warrant requirement of the Fourth Amendment applies to the search of a vehicle when probable cause exists to believe it contains contraband. *Wells v. State*, 212 Ga. App. 60, 63 (2) (441 SE2d 460) (1994). In *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999), this Court held that the odor of burning marijuana constitutes sufficient probable cause to support the warrantless search of a vehicle, provided that the police officer's ability to identify that odor is placed into evidence.

Here, the police officer testified to his training and experience, which qualified him to detect the odor of marijuana. See *Williams v. State*, 273 Ga. App. 637, 639 (1) (615 SE2d 789) (2005) (finding no meaningful distinction between an officer's ability to detect the odor of "burnt" marijuana and "burning" marijuana). Therefore, even had the officer not identified the particles of marijuana on Soilberry's clothing, the officer was authorized to search Soilberry's vehicle based solely on his detection of the odor of marijuana emanating from the vehicle. As a result, the trial court properly denied Soilberry's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 31, 2006 — 

*Michael D. Mann*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.