## A06A2172. HARDING v. THE STATE.

### (641 SE2d 285)

MILLER, Judge.

Following a bench trial, Dana L. Harding was convicted of one count of possession of methamphetamine and one count of possession of less than one ounce of marijuana. Harding appeals from the trial court's denial of his motion to suppress. Discerning no error, we affirm.

The evidence reveals that on August 9, 2005, at about 9:00 p.m., a Fayette County deputy sheriff observed a vehicle with its lights on parked in front of a closed business in a shopping center parking lot. The deputy stopped to check the status of the vehicle in that it was unattended. Contemporaneously, Harding exited the business and walked into the parking lot, nearly bumping into the deputy. Noting the strong odor of burnt marijuana on Harding's person, the deputy confronted Harding about the odor. Harding responded that "he had already smoked everything he had." The deputy placed Harding under arrest and instructed him to empty his pockets, where the methamphetamine and marijuana were found.

Harding contends that the trial court erred in denying his motion to suppress for lack of probable cause to arrest. We disagree.

> Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress

is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

*Sego v. State*, 279 Ga. App. 484 (631 SE2d 505) (2006).

Harding argues that the deputy was not lawfully in the parking lot since the vehicle on which the lights had been left on was marked with the name of the business it was parked in front of, this foreclosing probable cause to arrest and requiring the suppression of the evidence against him. The record indicates, however, that the deputy's initial contact with Harding was a first-tier encounter, requiring neither reasonable suspicion nor invoking Fourth Amendment protection. *Chapman v. State*, 279 Ga. App. 200, 202 (1) (630 SE2d 810) (2006). Having observed the empty vehicle parked with its lights on, the deputy properly checked to determine the vehicle's status and to provide assistance, if required. "It is well established that an officer's approach of a stopped vehicle and inquiry as to what is going on does not constitute a stop or seizure and clearly falls within the realm of the first type of police-citizen encounter." (Citation and punctuation omitted.) Id. Further, it is clear that the deputy needed no search warrant to drive down a public street or to enter a parking lot open to the public incident to his duties as a patrol officer. *State v. Echols*, 204 Ga. App. 630 (420 SE2d 64) (1992).

In light of the foregoing, we find that the deputy was lawfully present on the scene; no reasonable suspicion was required to approach the vehicle; and the deputy was justified in initiating the first-tier encounter which ensued. *Chapman*, supra, 279 Ga. App. at 202 (1). Moreover, since Harding admitted that he had smoked marijuana upon being asked to explain the presence of its odor on his person, he was thereafter lawfully arrested and searched. As Harding correctly concedes by his brief on appeal, the "smell of burnt marijuana can be a factor to consider in the totality of circumstances when making an arrest." See *Soloman v. State*, 252 Ga. App. 787, 788 (1) (556 SE2d 914) (2001) (odor of burnt marijuana emanating from a vehicle next to which a stopped citizen is standing can be used to establish probable cause); see also *O'Keefe v. State*, 189 Ga. App. 519, 526 (3) (376 SE2d 406) (1988) ("Odor as well as sight, hearing, taste or touch can be used in establishing probable cause. [Cit.]").

In light of the foregoing, the trial court did not err in denying the motion to suppress. *Sego*, supra, 279 Ga. App. at 484.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007.

*Ricky W. Morris, Jr.*, for appellant.

*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.