## A07A1569. SOMESSO v. THE STATE.
### (653 SE2d 855)

PHIPPS, Judge.

Chatham County Narcotics Agent Michael Delatorre stopped Michael Somesso's car to execute an arrest warrant on Somesso's passenger and subsequently searched the car, discovering marijuana and a pistol. Delatorre arrested Somesso for possessing marijuana, carrying a concealed weapon, and carrying a pistol without a license. In the trial court, Somesso sought unsuccessfully to suppress the evidence obtained at the stop. On appeal, he claims that stopping and searching his car violated his Fourth Amendment rights. Because Delatorre had authority to stop the car to execute the arrest warrant and to search it after smelling marijuana, we affirm the denial of Somesso's motion to suppress.

When reviewing a trial court's order concerning a motion to suppress evidence, we must accept the trial court's decision regarding questions of fact and credibility unless clearly erroneous.[1] As the reviewing court, we must construe the evidence most favorably to upholding the trial court's findings and judgment and must not disturb the trial court's ruling if any evidence supports it.[2]

At the motion to suppress hearing, Delatorre testified that he investigated a complaint from an assistant district attorney that Daryl Williams was involved in illegal drug activity at a certain apartment. While investigating, Delatorre discovered that Williams had used Somesso's name during an August 2004 arrest. Delatorre used that information to obtain an arrest warrant for Williams for forgery on May 3, 2005. Three days later, while surveilling the apartment, Delatorre saw someone he "was almost 100% positive" was Williams exit the apartment and enter a car driven by Somesso. Delatorre followed the car and called for backup. He instructed a uniformed officer to stop the car before it crossed a bridge leading to South Carolina. Delatorre testified that he stopped Somesso solely because he wanted to execute the arrest warrant; no one saw Somesso commit any traffic violations.

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).
[2] Id.

When Delatorre approached the stopped car, he noticed a slight marijuana odor. He confronted the passenger, who identified himself as Williams, and, upon opening the door, saw a "burnt marijuana blunt" between the door and the passenger seat. Delatorre arrested Williams based on the forgery warrant. He then searched Williams and discovered marijuana in his pocket.

After Williams was secured, Delatorre asked Somesso if there was anything in the vehicle he should know about. Somesso responded that a gun was in the car and began reaching behind the passenger seat. For his own safety, Delatorre told Somesso to exit the car and handcuffed him. Delatorre then searched the car, finding a handgun behind the passenger seat and two small bags of marijuana on the back seat floor.

1. Somesso claims that Delatorre lacked authority to stop or search his car. We conclude, however, that the arrest warrant for Williams authorized Delatorre to stop Somesso's car.[3] Somesso argues that a law enforcement officer must use the least intrusive means to investigate criminal activity[4] and that Delatorre therefore should have executed the warrant before Williams entered the car. But Delatorre testified that he was alone when Williams left the apartment and entered Somesso's car and that he called for backup while following them. Under the circumstances, Delatorre was not required to execute the warrant before Williams entered Somesso's car.

2. Although the arrest warrant for Williams authorized the stop, it did not authorize the search. We now consider whether searching Somesso's car without a warrant violated his constitutional rights.

(a) The Fourth Amendment protects the right of people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." This right is preserved by the requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer.[5] There are exceptions to the search warrant requirement, such as the "automobile exception" at issue here.[6] Although privacy interests in a car are constitutionally protected, a car's ready mobility justifies a lesser degree of protection of those interests.[7] If a car is readily mobile and probable cause exists to

---

[3] See *Nesbitt v. State*, 215 Ga. App. 271, 272 (2) (450 SE2d 310) (1994); see generally OCGA § 17-4-20 (a).

[4] See *Holt v. State*, 227 Ga. App. 46, 51 (487 SE2d 629) (1997) (Ruffin, J., concurring).

[5] *California v. Carney*, 471 U. S. 386, 390 (105 SC 2066, 85 LE2d 406) (1985).

[6] Id.

[7] Id.

believe that it contains contraband, the Fourth Amendment does not preclude law enforcement officers from searching the car.[8]

Delatorre testified that he noticed a slight marijuana odor when he approached the car. He also testified that his training, knowledge, and experience enabled him to detect the marijuana odor. We have held that the odor of burnt or burning marijuana constitutes sufficient probable cause to support the warrantless search of a vehicle.[9] Thus, the mobility of Somesso's car, coupled with the existence of probable cause to believe that the car contained marijuana, authorized the search.[10]

Somesso argues that *Steagald v. United States*[11] commands a different result. In *Steagald*, the United States Supreme Court held that a law enforcement officer may not legally search for the subject of an arrest warrant in a third party's home without a warrant, absent consent or exigent circumstances, even if officers have a reasonable belief that the subject of the arrest warrant is in the third party's home.[12] *Steagald*, however, is distinguishable because it involved searching a home, not an automobile. In terms of the circumstances justifying a warrantless search, the Supreme Court has "long distinguished between an automobile and a home or office."[13]

> [T]he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of Government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.[14]

The automobile exception to the warrant requirement is also justified because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or

---

[8] *Pennsylvania v. Labron*, 518 U. S. 938, 940 (116 SC 2485, 135 LE2d 1031) (1996).
[9] See *Soilberry v. State*, 282 Ga. App. 161, 163 (2) (637 SE2d 861) (2006); *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999).
[10] See *Labron*, supra; *Soilberry*, supra.
[11] 451 U. S. 204 (101 SC 1642, 68 LE2d 38) (1981).
[12] Id. at 213-216.
[13] *Chambers v. Maroney*, 399 U. S. 42, 48 (90 SC 1975, 26 LE2d 419) (1970).
[14] Id. (citation and punctuation omitted).

office.[15] These reduced privacy expectations derive from the pervasive regulation of vehicles capable of traveling on public highways.[16] Thus, Somesso did not enjoy the same privacy interest in his car as he would have in his home; and, when Delatorre smelled marijuana in the car, Somesso lacked protection from a reasonable search.

(b) Finally, citing a Minnesota case,[17] Somesso argues that Delatorre impermissibly manipulated the circumstances by executing the arrest warrant when he could dispense with any Fourth Amendment requirement to obtain a search warrant. In the Minnesota case, police officers learned that Hoven was preparing to leave the state and take drugs with him. Instead of obtaining a search warrant, the officers decided to arrest him on warrants stemming from his failure to appear in response to minor traffic violations. The officers stopped Hoven's truck, arrested him, and found marijuana in the truck. The court determined that the officers had timed the arrest primarily to facilitate a warrantless search and found that it therefore constituted an illegal pretextual arrest.[18]

Under Georgia law, however, the standard for measuring pretextual stops is not whether the officer's primary motivation for stopping a car was to interdict drugs.[19] Instead, we make

> an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken. The finding of an improper or even illegitimate motivation does not render the stop an unreasonable one.[20]

Here, the arrest warrant for Williams authorized the stop, notwithstanding Delatorre's subjective motivation.[21]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[15] *Carney*, supra at 391.

[16] Id. at 392.

[17] *Minnesota v. Hoven*, 269 NW2d 849 (Minn. 1978).

[18] Id. at 852-853; but see *Minnesota v. Everett*, 472 NW2d 864, 867 (Minn. 1991) (questioning *Hoven* because later cases have repeatedly held that if there is an objective legal basis for an arrest, the arrest is lawful even if the officer making the arrest based his action on an improper motive).

[19] *Larochelle v. State*, 219 Ga. App. 792, 796 (4) (466 SE2d 672) (1996).

[20] Id. (citations and punctuation omitted).

[21] See id.; see also *Whren v. United States*, 517 U. S. 806, 813 (116 SC 1769, 135 LE2d 89) (1996) (constitutional reasonableness of traffic stop does not depend on actual motivations of individual officers involved).

Decided November 7, 2007 —

*Gregory N. Crawford*, for appellant.

*Spencer Lawton, Jr., District Attorney, Carolyn D. Shervette, Frank M. Pennington II, Assistant District Attorneys*, for appellee.