A07A1651. HINTON v. THE STATE.
(656 SE2d 918)

PHIPPS, Judge.

Leina Hinton appeals her conviction of DUI, arguing that the trial court erred in denying her motion to suppress the results of an alco-sensor test. Finding no error, we affirm.

The relevant facts being undisputed, we review the trial court's application of law to these facts de novo.[1] On November 24, 2005, a City of Gainesville police officer observed the passenger in a car

---

driven by Hinton drink from what the officer believed to be a beer bottle. The officer began to follow the vehicle and saw the passenger throw a cigarette out of the car window. The officer stopped the car for littering, a violation of OCGA § 16-7-43. When he approached the car, he observed several beer bottles inside on the floor. He also smelled alcohol emanating from the car. He could not determine whether the odor of alcohol was coming from Hinton or the passenger. The officer removed the beer bottles from the car and, after determining that there was an existing warrant for the passenger, removed the passenger from the car and placed her under arrest.

When the officer approached the car again, he could still smell alcohol. At the officer's request, Hinton stepped out of the car. Once Hinton was out of the car, the officer detected a strong odor of alcohol on her, and when she spoke the odor was "very noticeable" to the officer. Although she first denied consuming any alcohol, after getting out of the car Hinton told the officer that she had consumed three beers at a local bar. Hinton agreed to take an alco-sensor test and tested positive.

Hinton moved to suppress the alco-sensor results, arguing that the officer lacked probable cause to ask Hinton to submit to the test. After a hearing at which the officer testified, the trial court denied Hinton's motion. The court held a bench trial at which Hinton reasserted her motion to suppress the test results. The court again denied the motion and, on stipulated facts, found Hinton guilty of DUI.

The police lawfully may ask questions about criminal activity unrelated to the purpose of a valid traffic stop, so long as this does not prolong the stop beyond the time reasonably required to complete its purpose.[2] The littering violation witnessed by the officer authorized him to stop Hinton's car.[3] Hinton contends, however, that the officer lacked a reasonable suspicion of other illegal activity that would authorize him to request that she step out of the car and submit to the alco-sensor test, because the officer had no basis for believing Hinton had consumed alcohol until after she got out of the car. But "[o]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures."[4] In *State v. Stansbury*,[5] moreover, we held that a strong

---

[2] *State v. Davis*, 283 Ga. App. 200, 203 (2) (641 SE2d 205) (2007).

[3] See *Merrill v. State*, 130 Ga. App. 745, 751 (4) (204 SE2d 632) (1974) (littering is basis upon which police officer may stop vehicle).

[4] *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006) (citation and punctuation omitted).

[5] 234 Ga. App. 281 (505 SE2d 564) (1998).

odor of alcohol emanating from a vehicle, coupled with other evidence that at least one of the occupants of the vehicle had been consuming alcohol, provided a basis for an officer to perform an alco-sensor test upon the driver.[6] Here, the officer observed open containers of alcohol in Hinton's car and detected an odor of alcohol coming from within that persisted even when the open containers and the other passenger were removed. Moreover, like the officer in *Stansbury*, he testified that he could not identify which of the car's occupants the odor was coming from, and he wanted to determine whether it was safe to allow Hinton to continue driving the car.[7] Finally, the fact that the passenger, and not Hinton, committed the littering violation upon which the stop was based does not require a different result.[8]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

### DECIDED JANUARY 25, 2008.

*David Burroughs*, for appellant.

*Larry A. Baldwin II, Solicitor-General, Amber R. Sowers, Assistant Solicitor-General*, for appellee.

---

[6] Id. at 283; see also *State v. Johnson*, 282 Ga. App. 102, 103-104 (637 SE2d 825) (2006) ("[defendant] could be required to exit his vehicle and submit to a field sobriety test because the [officer] smelled alcohol in [defendant's] vehicle").

[7] See *Stansbury*, supra at 282 (reversing trial court's finding that officer lacked reasonable and articulable suspicion to administer alco-sensor).

[8] See *Somesso v. State*, 288 Ga. App. 291, 292-293 (2) (a) (653 SE2d 855) (2007) (odor of marijuana authorized search of defendant's vehicle, which had been stopped to execute warrant on passenger).