**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 2, 2014**

# In the Court of Appeals of Georgia

A14A0432. BIANCHI v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Michael Shawn Bianchi of armed robbery, and he appeals, contending that the trial court erred in striking a juror for cause over his objection and in declining to allow him to refresh a detective's recollection with a recorded telephone conversation. For the reasons that follow, we affirm.

1. OCGA § 15-12-163 (b) (6) provides that either the defendant or the State in a criminal felony trial may object to a juror on the ground that the juror "is unable to communicate in the English language." The trial court has a duty to consider evidence regarding the objection and if it "is satisfied of the truth of any objection, the juror shall be set aside for cause." OCGA § 15-12-163 (c).

In this case, when the panel members were asked if anyone had difficulty understanding the English language that would affect their ability to serve, Juror

Number 7 indicated he did. When questioned individually, Juror Number 7 said he understood 90 percent of what was said or "almost everything," but English was not his native language and he did not understand some of the legal terminology that had been used so far. The State subsequently moved to strike the juror for cause, and Bianchi objected, because he thought that a juror who understood 90 percent of the proceedings was doing a good job. Noting that the jurors needed to understand 100 percent of the proceedings, the trial court granted the State's motion and struck the juror for cause over Bianchi's objection.

The decision to strike a potential juror for cause lies within the sound discretion of the trial court and will not be set aside absent some manifest abuse of that discretion. *Stokes v. State*, 281 Ga. 825, 827 (2) (642 SE2d 82) (2007). "Based on our review of the record, we find no error. See *Ford v. State*, 289 Ga. App. 865 (1) (658 SE2d 428) (2008) (trial court did not abuse discretion in finding that juror showed no visible sign of difficulty with English language); compare *Wellons v. State*, 266 Ga. 77, 84 (6)(b)(463 SE2d 868) (1995) (trial court properly excused for cause prospective juror with evident language difficulties)." *Abdullah v. State*, 284 Ga. 399, 400 (2) (667 SE2d 584) (2008).

2. Bianchi also argues that the trial court erred in failing to allow him to refresh the recollection of a detective with a recording of a witness's telephone call. The issue arose when the detective testified on cross-examination that she had spoken over the phone with a friend of the victim's who the victim said he had been waiting for when he was robbed. Bianchi asked the detective if she had ever received information that there had been four white males in the area of the robbery that night and whether she had investigated this information. The State objected, because the victim's friend was not available to testify about what she saw, and the trial court ruled that Bianchi was entitled to ask the detective if she had followed up on anything the friend told her. After further questioning, Bianchi asked the detective if "there [was] any information in [a recorded conversation with the friend] that you followed up on regarding four white males leaving the scene?" The detective replied no, the friend never said anything about four white males, but then corrected herself to say that she did not recall that detail, although she remembered the friend saying she had seen another car leaving as she was entering the apartment complex where the armed robbery took place. The detective testified that she wanted to have the friend come in to the station but was unsuccessful and the friend eventually "just disappeared."

3

Because the detective had only the friend's cell phone number and no address, she did not search for the friend.

Bianchi cross-examined the detective regarding the makeup of the seven photographic line-ups the victim reviewed, the victim's description of the car and the partial tag numbers he gave the responding officer in comparison to the car Bianchi was found driving in DeKalb County, and the detective's failure to visit the site of the robbery to examine any security camera recordings or canvass for witnesses to the crime.

Bianchi then asked the court to allow him to play for the detective outside the jury's presence the recorded phone call with the victim's friend to see if it refreshed the detective's recollection that the friend told her there had been four white males in the car she saw leaving the scene of the robbery. After a colloquy outside the jury's presence, the trial court ruled that while it was proper, standard cross-examination fare to ask an investigating officer whether she followed up on certain leads, the court was of the opinion that refreshing the detective's recollection was unnecessary because the detective did not deny that the friend mentioned seeing four white males. Rather, the court determined, the detective testified that she did not remember or did not hear the friend say anything about four white males, and the logical conclusion

4

was that either way the detective did not do anything to follow up with the friend. While the State objected to Bianchi asking any further questions about what an absent witness told the detective, the court pointed out that the issue of whether or not detectives followed leads went to the quality of the investigation rather than for the truth of the matters asserted, and questions about it were therefore proper.

"A witness may use any source to refresh his memory, so long as he testified from his memory thus refreshed. Agnor's Ga. Evidence, § 4-10. As long as the witness is willing to swear from his memory as refreshed, his memory may be refreshed by any kind of stimulus, 'a song, or a face, or a newspaper item.'" (Citation and punctuation omitted.) *Green v. State*, 242 Ga. 261, 265 (5) (249 SE2d 1) (1978), rev'd on other grounds, *Green v. Georgia*, 442 US 95 (99 SCt 2150, 60 LE2d 738) (1979). The State concedes in this case that the trial court erred in refusing to allow Bianchi time for the detective to review the recorded phone conversation, but argues that the error was harmless. We agree.

"An error is harmless when it is highly probable that the error did not contribute to the verdict." *In the Interest of H.A.*, 308 Ga. App. 111,113 (2) (706 SE2d 615) (2011). In this case, Bianchi thoroughly cross-examined the detective about her investigation in this case, including her failure to canvass near the crime

5

scene for witnesses or determine whether there security cameras that had recorded the incident. Further, the victim positively identified Bianchi in a photographic line-up and provided a sufficiently close description of the car and tag that officers from another jurisdiction spotted it while Bianchi was driving. We conclude, therefore, that it is highly probable that the trial court's refusal to allow Bianchi to refresh the detective's recollection about her phone conversation with the victim's friend did not contribute to the jury's determination of guilt.

*Judgment affirmed. Boggs and Branch, JJ., concur.*